BRESEE vs. STILES and others.

WIDOW AND HEIRS : *Rights of children born after will made— Who bound by order of distribution of estate—Right of dower in homestead.* EJECTMENT : *Judgment for undivided part, in action for the whole.*

1. Under sec. 26, chap. 97, R. S., children born after the making of the parent's will, in which no provision is made for them, share in the estate as if the parent had died intestate, unless it appears *from the will itself* that it was his intention that no provision should be made for them ; and the fact that the parent lived many years after the will was made, and after such children were born, without making any express provision for them, has no effect to deprive them of the benefit of the statute.

2. An order of a probate court distributing an estate binds only parties who have notice of the proceeding.

3. Under our statute, the widow to whom dower in the other real estate has been assigned, is entitled, upon marrying again, to dower in the homestead.

4. In an action to recover the whole of real property, plaintiff cannot have judgment for an undivided part thereof.

APPEAL from the Circuit Court for *Dane* County.

Ejectment. In April, 1855, David Bresee executed his last will, whereby he devised and bequeathed his property as follows : 1. To *Sarah*, his wife, her support from the farm then occupied by him (including the premises here in question), and the right to " have a home thereon," as long as she should remain his widow. 2. To Isaac and William, his eldest and third sons, certain other lands ; and to Abigail, his eldest daughter, certain moneys. 3. To the plaintiff, *Levi M. Bresee*, his second son, the remainder of his real and personal property, with a provision that the wife and minor children of said testator were to have " a home and support therefrom," and that his " two youngest daughters," Theresa and Betsy, and his " youngest son," Dennie, should be paid certain sums of money on reaching their majority. In August, 1861, said David Bresee died, leaving said *Sarah*

his widow, and, beside those above named, three children, *Herman, Almedia,* and *Don,* who were born to him after the execution of said will. These were the only children born to him by said *Sarah,* who was his third wife. On the 30th of September, 1861, the will was admitted to probate. The inventory and appraisement of the estate, shows the following real property : Home farm, 62½ acres, valued at $25 per acre, $1,562.50 : Wood lot, 24 acres, $850.00 : Stone quarry, 2½ acres, $62.50 : Total, $2,475.00. It also shows personal property valued at $631.88. The widow waived the provision made for her in the will, and in July, 1862, petitioned the county court for an assignment of dower, setting out in her petition the names of *all* the children as heirs of the deceased, and stating that the minor children had no general guardian. Said court made an order, September 9th, 1862, appointing commissioners, and directing them, after giving notice to the widow and to one Knight as special guardian of the minor heirs, to admeasure and set off as dower the one-third part of the real estate, except the homestead. The commissioners reported October 17th, 1862, that the widow and said Knight were duly notified, etc., and that the widow attended at the time and place, and selected the land here in suit as a homestead, and thereupon they "set off the dower of said *Sarah Bresee,* or one third part in value of the balance of said real estate," etc. ; and this report was confirmed. On petition of the executor, thirty-two acres of land belonging to the estate were sold early in 1863, to pay debts, said Knight, as special guardian of the minor heirs, consenting to such sale. In September, 1863, said *Sarah* intermarried with one *Rogers.* In 1865, on petition of the executor, the county court made a decree, which recites that said David Bresee, at his death, was seized and possessed of four parcels of real estate particularly described, the first containing 62½ acres, the second 120 rods, the third 2½ acres, the fourth 32

acres, which last had been sold to pay debts of the deceased; and that of said real estate, 24½ acres had been set off to the widow " as her dower in and to said lands." It also recites the will, and thereupon adjudges that the balance of said real estate be assigned and set over to the devisees named in the will, as far as the intentions of the testator could be carried out, subject to the conditions named in the will, and the legacies to be paid as mentioned therein, " and also subject to the right of dower and homestead in and to said lands, of *Sarah Bresee*, widow of said deceased; " and that the executor be discharged from further liability.

The present action was brought by *Levi M. Bresee* in 1866, against said *Rogers* and *Sarah*, his wife, and one *Stiles*, a tenant; and by order of court, on motion of said defendants, *Herman*, *Almedia* and *Don Bresee* were made defendants, and a guardian *ad litem* appointed for them. The land in dispute was the forty acres originally selected by said *Sarah*, while a widow, for a homestead, being part of the 62½ acres above named, and on which she had continued to reside with said *Rogers* and said three infant children since her second marriage. The answer claimed for said *Sarah* a right of dower in the premises, and for said three minor children a right of inheritance in the estate. The circuit court held that the proceedings of the county court in reference to the will and estate were void as to said three minor children, that court not having acquired jurisdiction of them; that they were entitled to share in the estate as if there had been no will; and that the plaintiff was not the owner of the entire estate in the premises, nor of any part thereof in severalty; and it rendered judgment for the defendants; from which the plaintiff appealed.

*Braley & Smith* (with whom was *Geo. B. Smith* of counsel), for appellant:

" When a widow shall have accepted an assignment of dower in satisfaction of her claim upon all the lands of her

husband, it shall be a bar to any further claim of dower against the heir of such husband." R. S., chap. 89, sec. 28. *Mrs. Rogers* took dower in other lands, and selected the homestead, and the presumption is that she "accepted" this in satisfaction of the claim. She might have insisted upon her right of dower in all the lands, but having once waived the right, and accepted something else in lieu of that, she cannot now revive it. 2. As to the rights of the children born after the execution of the will, counsel argued, (1.) That a will speaks from the death of the testator, unless clearly indicating a contrary intention (Redfield on Wills, 379); and that if this will is construed with reference to the facts, it was evidently the intention of the testator not to make any provision for these children. (2.) That the county court has full power to admit wills to probate, to construe them, settle all questions arising under them, distribute legacies, and make assignment to the heirs, whether named in the will or not; and that court having acquired jurisdiction over the whole estate, and having appointed guardians for the minors in the only instances in which the law required such guardians to be appointed, and such guardians having been notified and having consented to the proceedings in those instances, and no appeal having been taken, said minor children were bound by the proceedings. *Barker v. Barker*, 14 Wis., 131.

*Spooner & Lamb*, for respondent.

COLE, J. It is insisted that the children born after the making of the will, are not entitled to claim any portion of the estate of the deceased. It appears that the will was executed in April, 1855. There were three children born between November, 1855, and September, 1859; and the testator died in August, 1861. There was no provision in the will for the after-born children; nor is it apparent from

the will that it was the intention of the testator that no provision should be made for them out of his estate. Under these circumstances, are they cut off by the will? This question is fully answered by our statute. Sec. 26, chap. 97, R. S. 1858, reads as follows: "When any child shall be born after the making of his parent's will, and no provision shall be made therein for him, such child shall have the same share in the estate of the testator as if he had died. intestate; and the share of such child shall be assigned to him as provided by law in case of intestate estates, unless it shall be apparent from the will that it was the intention of the testator that no provision should be made for such child." This section effectually puts at rest all questions in regard to the effect produced in this case by the birth of issue after execution of the will. For it declares that such children shall have the same share in the estate of the testator as if he had died intestate, unless it appears from the will that it was the intention of the testator that no provision should be made for them. It is said, however, that in construing the will we must take into consideration these facts: that the will was executed in April, 1855; that the children were born between November, 1855 and September, 1859; while the testator died in August, 1861, having made no provision for these children; and that these facts raise the strongest presumption that it was the intention of the testator that the after-born children should not take any portion of his estate. But the difficulty with this argument is, that we are not permitted to look outside of the will to ascertain the purpose of the testator upon this point. For the statute positively declares, that unless it is apparent from the will itself, that it was the intention of the testator that no provision should be made for the after-born children, then they shall share in the estate as though no will had been made. Besides, it must be assumed that the testator was fully cognizant of

this provision of the statute, and very well knew that his after-born children were not cut off by the will. If we were permitted therefore to speculate as to some supposed change in the mind of the testator, the legal presumption from the facts above stated would be, that the testator knew his after-born children would share in his estate, unless he altered his will, and was very well content with the disposition of his estate which the statute made, so far as those children were concerned.

But it is further claimed, that the after-born children were barred and divested of all interest in the estate by the order or judgment of the county court assigning the estate. It is said to be the special duty of probate courts, under our statute, to admit wills to probate; to adjudicate upon the rights of legatees and heirs; to settle all estates of deceased persons; and finally, to assign or distribute such estates among the persons by law entitled to the same; and the county court having made an order of distribution in this case, which disposes of the entire estate, and divests any title which the after-born children might take in the same, that this order is final and conclusive upon the rights of those heirs, until it is reversed and set aside on appeal. Now, what effect should be given to an order of distribution made by the county court, which should divest the title of heirs in real estate, where those heirs have had notice, is a point upon which we express no opinion. It is sufficient here to say, that it no where appears that these minor heirs, whose rights are affected by the order, ever had any notice of it, or any opportunity to contest its validity. It is a very familiar principle, that, "to give any binding effect to a judgment, it is essential that the court should have jurisdiction of the person and subject matter; and the want of jurisdiction is a matter that may always be set up against a judgment, when sought to be enforced, or when any benefit is

claimed under it." *Borden v. Fitch*, 15 Johns., 121; *Rape v. Heaton*, 9 Wis., 328; and *Pollard v. Wegener*, 13 id., 569. In order to bind these minor heirs by this order of distribution, it should at least appear that they were before the county court, or had notice of the proceedings. It is said that they were notified of the assignment of dower, and of the sale of the real estate by the executor. It is true, the proceedings before the county court show that notice was served upon the special guardian of the minor heirs of an application for a license to sell real estate; but this was some two years and a half before the order of distribution was made. But it does not appear that these minor heirs, or that their guardian, ever had any notice that the county court was about to make an assignment of the estate; and it seems to us difficult to maintain the position, that they are bound by a distribution depriving them of all interest in the real estate, when they were not a party to the proceeding, and had no notice thereof.

Another question presented is, whether the widow was entitled to dower in the homestead. We think that she was. She waived the provisions made for her in the will, and petitioned for and had dower assigned her in all her husband's real estate, except the homestead. On the death of the husband, the homestead descended by law to the widow, who could take and hold the same during her widowhood. Chapter 137, Laws of 1858. In addition, the widow is entitled to a dower, or use during her natural life, of one-third part of all the lands whereof her husband was seized of an estate of inheritance at any time during the marriage, unless she is lawfully barred thereof. Sec. 1, chap. 89, R. S. We suppose this general provision gives the widow dower in the homestead, as well as in the residue of the real estate. Does the fact that dower was not assigned her in the homestead at the time it was in the other real estate, have the effect to

deprive her of dower in the homestead after the homestead right had terminated by her marriage? We can perceive no satisfactory reason for saying that the omission to assign her dower in the homestead when it was set out to her in the residue of the real estate, should prevent her from ever claiming it in that property. It was quite natural that so long as the widow could enjoy the homestead, she should not ask that dower be assigned her out of it. It is said, however, that where the widow has accepted an assignment of dower in satisfaction of her claims upon all the lands of her husband, the statute bars her from any further claim. Sec. 28, chap. 89. There is nothing in this case which warrants the assumption that the widow has ever accepted any assignment of dower in satisfaction of her claim upon *all* the lands of her husband. And the final order of distribution made by the county court does not attempt to bar the widow of her right of dower in the homestead, but, we think, rather recognizes it. However this may be, there is nothing in the case which shows that the widow is not entitled to dower in the homestead.

The plaintiff claimed to recover the entire property. He was not entitled, upon this claim of the whole, to have judgment for an undivided part of the premises. *Allie v. Schmitz,* 17 Wis., 169.

*By the Court.*—The judgment of the circuit court is affirmed.