CASE 36—PETITION EQUITY—OCTOBER 29. .

## Leonard v. Enochs.

APPEAL FROM LOUISVILLE CHANCERY COURT.

WILLS—EXCLUSION OF AFTER-BORN CHILD.—Where it appears from the will of a testator that it was his intention to exclude his children as a class, and not merely a particular child or children, an after-born child, although not mentioned in the will, is to be regarded as "expressly excluded" within the meaning of section 25, chapter 113, General Statutes, and is not entitled to share in the estate.

Where a testator who devised all his estate to his wife in fee, made no mention in his will of his only child, a boy about seven years of age, it was manifestly his intention to exclude not only his living child, but any children he might thereafter have, and therefore a daughter born two months after his death is not entitled to share in his estate.

Leonard v. Enochs.

M. A., D. A. & J. G. SACHS for appellant.

The after-born child takes her interest, no matter what the testator's intention was, unless that intention be expressed on the face of the will itself. Extrinsic evidence is not competent to show the testator's intention. The law was once otherwise but has been changed. (Rev. Stat., chap. 106, sec. 26; Brady v. Culit, Doug., 31, 39; Lugg v. Lugg, 2 Salk., 592; Marston v. Roe, 8 Ad. & El., 14; Redfield on Wills, vol. 1, star page 300 and notes; Lancashire v. Lancashire, 5 Term Rep., 49; Ireal v. Roder, 2 Moore P. C. R., 51; 2 Greenleaf on Ev., p. 741, note 2; Yerby v. Yerby, 3 Call.; Brush v. Wilkins, 4 John. Ch'y, 506; Baldwin v. Spriggs, 65 Md., 373; Chicago, B. & Q. R. Co. v. Wasserman, 22 Fed. Rep., 875; Alden, &c., v. Johnson, 63 Iowa, 125; Osborn, &c., v. Jeff. Nat. Bank, 116 Ill., 135; Walker v. Hall, 34 Pa. St., 483; Edward's Appeal, 47 Pa. St., 152; Estate of Wardell, 57 Cal., 485; Breese v. Stiles, 22 Wis., 120.)

HELM & BRUCE for appellee.

1. The history and purpose of a statute are to be considered in construing it. (Sams v. Sams, 85 Ky., 396; Bailey v. Commonwealth, 11 Bush, 688; Mason v. Rogers, 4 Litt., 377.)

2. The statute was only intended to provide for cases of unintentional disinheritance of children, and if any facts can be proved to rebut the legal presumption and show that the disinheritance was in fact intentional, then these facts should be received and should constitute a defense to the action. (Statute of 1797, 2 M. & B., 1537; Gen. Stats., chap. 113, secs. 9, 19, 24, 25; Haskins v. Spiller, 1 Dana, 172–3; Sneed v. Ewing, 5 J. J. M., 471; Brush v. Wilkins, 4 John. Ch'y, 506; C., B. & Q. R. Co. v. Wasserman, 22 Fed. Rep., 872; Wheeler v. Wheeler, 1 R. I., 364; Miller v. Phillips, 9 R. I., 143; Buckley v. Gerard, 123 Mass., 8.)

In this case the fact that the testator made no provision for his living infant child shows that the disinheritance of the unborn child was intentional.

JUDGE BENNETT DELIVERED THE OPINION OF THE COURT.

James Leonard died testate in the year 1871. He willed his estate, consisting of a small house and lot in the city of Louisville, to his wife in fee. At the time he made the will he had one child, a son about seven years old, and in about two months after his death the appellant, his daughter, was born. She now claims that she was a pretermitted child, and that under section 25, chapter 113,

of the General Statutes, which section is the same as that of section 25, chapter 106, of the Revised Statutes, which was in force at the time the will took effect, she is entitled to one-half of said estate.

Said section provides: "If a will is made when a testator has a child living and a child is born afterwards, such after-born child, or any descendant of his, if not provided for by any settlement, and neither provided for nor expressly excluded by the will, but only pretermitted, shall succeed to such portion of the testator's estate as he would have been entitled to if the testator had died intestate; towards raising of which portion the devisees and legatees shall, out of what is devised and bequeathed to them, contribute ratably, either in kind or in money, as a court of equity, in the particular case, may deem most proper," etc.

To entitle the after-born child to the benefit of this section of the statute the testator must have a child, or children, living at the time the will is made, and if the after-born child has not been provided for by any settlement, nor provided for by will, nor expressly excluded by the will, it shall be deemed that such child was unintentionally omitted—"pretermitted"—from the benefit of the testator's bounty; but if it appears from the will by expressed words of exclusion or by tantamount expressions that the testator intended to omit the after-born child from the benefit of the will, it is not, in the sense of the statute, a pretermitted child. It makes no difference in what form such intention may be expressed in the will; it may be by direct words of exclusion or it may be plainly seen from the whole will that the testator intended to exclude the after-born child, and if thus seen it is

"expressly excluded by the will." Does such intention appear from the will? We think it does. For it appears that, at the time the testator made his will, he had a child about seven years old living with him; his wife was living with him and had daily intercourse with him, and she was about seven months gone with child, the appellant, which he was bound to know; and not disinheriting the living child by name nor mentioning any fact that tends to show that said child alone was excluded, the testator intentionally omits it from the provisions of his will and makes its mother the sole beneficiary of the will. Now, as said, the living child not having been expressly excluded by name, but clearly, expressly excluded by the context of the will, which would have equally excluded as many living children as he might have had as a class, does it not follow that the after-born child was likewise intentionally, expressly excluded from the provisions of the will? We think it was. For, as intimated, it is evident that the exclusion was not intended to apply to the living child alone but to all the testator's children as a class, and it would be an anomaly to hold that all the testator's living children, infants and all, were intentionally, expressly excluded as a class by the terms of the will in the interest of the testator's wife, and the child thereafter born, by reason of the accidental time of its birth, was not intentionally, expressly excluded. Such a construction would defeat the evident intention of the testator as clearly expressed in the will. So it seems to be the correct rule, that if it clearly appears from the will, that the testator excluded all his children as a class, not merely the living ones or some of them, from the provisions of his will, such intention will include the

after-born child.  And as it appears from the will that the testator excluded all his children as a class, whether born or not, from the provisions of his will and made his wife the sole object of his bounty, we must hold that the appellant was expressly excluded by the terms of the will. For, argue as we may about the difference in meaning between the terms "intentionally omitted" and "expressly excluded," we must admit that in some cases, at least, they should be construed interchangeably, as in this case, where the testator knows that he has a child living and another as yet unborn, and both appealing to his affections, and he wills his property to their mother, thereby excluding said children as a class, it is a mere play upon words to say that the terms of the will were not equivalent to an expressed exclusion of said children.

The judgment is affirmed.