SANDON, Executrix, Appellant, vs. SANDON, by guardian *ad* *litem,* Respondent.

*December 15, 1904—January 10, 1905.*

*Wills: Child adopted by testator after execution of will: Rights as distributee: Evidence: Declarations of testator: Order of adoption.*

1. Under sec. 4024, Stats. 1898 (declaring that a child adopted pursuant to provisions of the preceding sections shall be deemed, for the purposes of inheritance and succession by such child, and all other legal consequences and incidents of the natural relation of parents and children, the same to all intents and

purposes as if the child had been born in lawful wedlock of such parents by adoption), and sec. 2286 (providing that when a child shall have been born after the making of his parents' will, and no provision shall be made therein for him, such child shall have the same share in the estate of the testator as if he had died intestate; and the share of such child shall be assigned to him as provided by law in case of intestate estates, unless it shall be apparent from the will that it was the intention of the testator that no provision should be made for such child), the rights under a will of a child legally adopted, are equivalent to those of a child born in wedlock.

2. E., nine days after the execution of a will, was legally adopted by the testator. The will was plain and unambiguous, and distributed the entire estate of the testator to certain beneficiaries, making no mention of the child subsequently adopted. *Held*, that as it could not be said that it was "apparent *from the will* that it was the intention of the testator that no provision should be made for" E., she was entitled to the same share of the estate as if the testator had died intestate.

3. In such case, extrinsic evidence may be received to aid in determining whether any doubtful language in the will shows an intention to make no provision for such adopted child, but it cannot be received to add such intention to the will.

4. In such case, declarations of testator concerning the making of a will and as to his intention concerning the adopted child's relation to his estate, are inadmissible.

5. Where an order of adoption strictly followed the directions as to its contents contained in sec. 4023, Stats. 1898, it is not insufficient because it did not, in terms, deprive the natural parents of "all legal rights whatsoever respecting" the child.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

Robert Sandon died April 7, 1902, leaving a will executed May 14, 1894, which was duly probated September 3, 1902. He left surviving his widow and two married daughters; also an adopted daugher named *Ellen Victoria*, who had been adopted by due legal procedure May 23, 1894. By his will, after making sundry special bequests to his wife and daughters, his grandchildren, and certain religious societies, he left the residue of his property to his wife, whom he appointed his executrix. The will made no mention of the adopted

child, *Ellen.* On application by said adopted child to the county court for her distributive share of the estate, the county court ruled that she was entitled to the same share of the estate as if the testator had died intestate. This judgment was confirmed by the circuit court, and the executrix appeals.

The cause was submitted for the appellant on the brief of *R. M. Bashford* and *G. S. Martin,* and for the respondent on that of *Frank B. Wynne,* guardian *ad litem,* and *Olin & Butler,* of counsel.

To the point that under sec. 4024, Stats. 1898, adoption was equivalent to birth, within the meaning of the rule that marriage and birth of a child revokes a will, respondent cited *Flannigan v. Howard,* 200 Ill. 396, 65 N. E. 782; *Butterfield v. Sawyer,* 187 Ill. 598, 58 N. E. 602; *Hilpire v. Claude,* 109 Iowa, 159, 80 N. W. 332; *Sewall v. Roberts,* 115 Mass. 262, 267; *Buckley v. Frasier,* 153 Mass. 525, 527; *Warren v. Prescott,* 84 Me. 483, 24 Atl. 948; *Virgin v. Marwick,* 97 Me. 578, 55 Atl. 520; *Helms v. Elliott,* 89 Tenn. 446, 14 S. W. 930; *Bray v. Miles,* 23 Ind. App. 432, 54 N. E. 446; *Eckford v. Knox,* 67 Tex. 200, 2 S. W. 372; *Hartwell v. Tefft,* 19 R. I. 644, 35 Atl. 882; *In re Newman,* 75 Cal. 213; *Estate of Wardell,* 57 Cal. 484, 491; *Van Beck v. Thomsen,* 60 N. Y. Supp. 1094, S. C. 167 N. Y. 601; *Gray v. Holmes,* 57 Kan. 217, 45 Pac. 596; *Johnson's Appeal,* 88 Pa. St. 346; *Tirrell v. Bacon,* 3 Fed. 62; *Cofer v. Scroggins,* 98 Ala. 342, 13 So. 115, 117; *Power v. Hafley,* 85 Ky. 671, 4 S. W. 683.

WINSLOW, J. Sec. 2286, Stats. 1898, provides that "when any child shall be born after the making of his parent's will and no provision shall be made therein for him, such child shall have the same share in the estate of the testator as if he had died intestate; and the share of such child shall be assigned to him as provided by law in case of

intestate estates unless it shall be apparent from the will that it was the intention of the testator that no provision should be made for such child." This section appeared in the Revised Statutes of 1849 (sec. 26, ch. 66), and has remained unchanged since that time. Secs. 4021–4024, Stats. 1898, provide for the adoption of children by legal proceedings, and sec. 4024 declares that "a child so adopted shall be deemed, for the purposes of inheritance and succession by such child, . . . and all other legal consequences and incidents of the natural relation of parents and children, the same to all intents and purposes as if the child had been born in lawful wedlock of such parents by adoption," with an exception not affecting the present inquiry. This court held in *Glascott v. Bragg*, 111 Wis. 605, 87 N. W. 853, that a legal adoption under this statute was equivalent, save for the exception noted, to the birth of a child in wedlock. In the present case there is no question as to the legal adoption of the child, *Ellen*, after the making of the will. The will is plain and unambiguous, and distributes the entire estate of the testator to certain devisees and legatees, making no mention of the child subsequently adopted. In this situation, we are unable to see how it can be said to be "apparent *from the will* that it was the intention of the testator that no provision should be made for such child." There is nothing within the four corners of the written will which gives any intimation of the wish of the testator with regard to an after-born child. As said in *Bresee v. Stiles,* 22 Wis. 120, "we are not permitted to look outside of the will to ascertain the purpose of the testator upon this point." True, if a will contain ambiguous language, which may or may not refer to an unborn child, extrinsic evidence of the circumstances surrounding the testator when the will was made may be resorted to for the purpose of ascertaining the meaning and intention of such language. *Verrinder v. Winter,* 98 Wis. 287, 73 N. W. 1007. When that meaning is ascertained, it is

deemed in legal effect, to be the meaning expressed in the will itself. *In re Donges's Estate,* 103 Wis. 497, 79 N. W. 786. The instrument, as written, has simply been construed. Nothing has been added or changed. *Lawrence v. Barber,* 116 Wis. 294, 93 N. W. 30. In brief, the rule is that such extrinsic evidence may be received to aid in determining whether any doubtful language in the will shows an intention, but cannot be received to add such intention to a will plain and certain upon its face. The evidence relied upon to show such intention was principally evidence of declarations by the testator concerning the making of a will, and as to intention concerning the child's relation to his estate; and it is very clear that such testimony is inadmissible, even if it were a case where surrounding circumstances were admissible to throw light upon the intent.

It is argued that the order of adoption is insufficient, because it does not, in terms, deprive the natural parents of "all legal rights whatsoever respecting" the child. This claim is untenable. It is true that sec. 4024, *supra,* provides that "the natural parents of such child shall be deprived by such order of adoption of all legal rights whatsoever respecting such child," etc., but it is quite certain that this is simply a statement of the legal effect of the order when made. Sec. 4023 specifically provides the contents of the order, and the directions therein contained were strictly followed in the order made.

*By the Court.*—Judgment affirmed.