WILL OF ELMORE: WISCONSIN TRUST COMPANY, Appellant, vs. ELMORE and others, Respondents, and others, Appellants.

*February 15—March 13, 1917.*

*Wills: Construction: Vesting of estates: Trust: Duration.*

1. A will gave one fourth of the residue of testator's estate to each of his two sons and the other half in trust for the benefit of his two daughters. One half of the income of the trust estate so created was to be paid to each daughter during her life, and at her death (or in case she died before the testator) was to be paid to her issue, if any, until they respectively attained the age of twenty-one, at which time each of said issue was to receive his or her share of one half of the principal of said trust estate. Any residue of the trust estate, including income thereof, not thus disposed of was to be paid to the testator's four children aforesaid, share and share alike—the issue of any deceased child to take by right of representation. It appeared that the testator had reasons for not wishing to leave any of his property in such a way that it would reach one of his sons-in-law, but did not wish to treat his two daughters differently. In view of that fact, and in view of the provision relating to a residue of the trust estate, it is *held* that the children of the testator did not take any vested interest in the *corpus* of the trust estate at the death of the testator; that but one trust was created, which was to continue until the death of both daughters and until their issue, if any, attained the age of twenty-one; and hence that one of the daughters could not by will dispose of her interest in the trust estate.

2. The law favors an early vesting of estates—but not contrary to the intention of the testator.

APPEALS from a judgment of the circuit court for Milwaukee county: EDWARD T. FAIRCHILD, Circuit Judge. *Reversed.*

Action to construe a will, begun in the county court and appealed to the circuit court. January 21, 1895, Riverious P. Elmore made his will making certain specific bequests not in dispute and containing among other provisions the following:

"All the rest, residue and remainder of my estate, real, personal or mixed, and wherever situate, of which I shall die seized, possessed or in any wise entitled, after payment of my just debts and the legacies hereinbefore mentioned, I give, devise and bequeath as follows:

"To each of my sons, Samuel Elmore and *Eltinge Elmore,* I give, devise and bequeath the undivided one-fourth ($\frac{1}{4}$) thereof to have and to hold the same to the use of themselves, their heirs and assigns absolutely and forever.

"The remaining one-half ($\frac{1}{2}$) thereof, I give, devise and bequeath to my executors hereinafter named, and the survivor or survivors of them and their successors or successor in trust, upon the trust following, to wit:

"In trust to take and hold, manage and control the said portion of my estate devised and bequeathed to them in trust, to satisfy all liens, mortgages or incumbrances thereon; to lease the real estate from time to time until the same shall be sold or disposed of, and to receive the rents, issues, profits and income of said trust estate, for the uses and purposes hereinafter mentioned; and in trust to sell and dispose of the said trust estate or any part thereof, from time to time or at any time, at public or private sale, and in such manner and upon such terms and at such price or prices as to them shall seem best, and the proceeds thereof to invest and reinvest and keep invested in such securities as to them shall seem best.

"And in trust to pay semi-annually, or oftener in their discretion, to each of my daughters, *Amelia H. Huntley* and Floretta Clason, who shall survive me, the one-half ($\frac{1}{2}$) of all the net income, interest and profit of said trust estate, as long as she shall live; and, if at the decease of either of my said daughters after my death she shall leave lawful issue her surviving, then and thereafter to pay to such issue, share and share alike, until they respectively attain the age of twenty-one (21) years, the said one-half of said net income, interest and profits of said trust estate, which I have heretofore directed to be paid to the mother of such issue during her life; and in trust to convey and assign to such issue, share and share alike, the said one-half ($\frac{1}{2}$) of the principal of such trust estate—the share of each of such issue therein to

be so conveyed, assigned and paid over to him or her when and as they respectively attain said age of twenty-one years.

"And in trust, in case my said daughters or either of them shall die before my decease leaving lawful issue surviving her, to pay to such issue who shall be living at the time of my decease the same share or portion of the income, interest and profits of said trust estate and of the principal thereof, at the same time and times and subject to the same conditions as such issue would have taken under this my will if such deceased daughter had survived me, and had hereafter died leaving such issue.

"And in trust to pay to and convey to my said four (4) children, share and share alike—the lawful issue of any deceased child taking by the right of representation—all the rest, residue and remainder of said trust estate, including the income, interest and profits thereof, not hereinbefore disposed of."

Mr. Elmore died December 22, 1897, survived by his widow, who died the following December before the entry of the final decree in his estate, and by four children, Samuel Elmore, *Eltinge Elmore, Amelia H. Huntley,* and Floretta E. Clason. Samuel died in 1910 survived by his widow, *Mary Hurd Elmore,* and three children, *Magdalene Childs, Floretta Schriber,* and *Susan Haradon.* By will he left his entire estate to his widow. On March 22, 1915, Floretta E. Clason died leaving no husband, no issue, and no descendants of issue, and bequeathing by will all her estate to *Amelia H. Huntley,* appointing *Eltinge Elmore* her executor. The main question raised by the appeal is whether Floretta Clason took a vested interest in the trust estate upon the death of the testator which she could dispose of by will, or whether upon her death without issue her share should be conveyed by the trustee under the will of the testator to the remaining children or their issue by right of representation.

The county court held (1) that the entire trust estate was one and indivisible, and that no distribution should be made until the death of both life tenants; (2) that there was no vested estate in Floretta E. Clason, and since she

died without issue the remainder after the life estate should be divided by the trustee among her brothers and sister share and share alike, the children of Samuel to take their father's share; and (3) that the income arising from this half of the trust fund should be paid over by the trustee to the persons and in the shares mentioned until the termination of the trust.

Upon appeal to the circuit court the judgment of the county court was reversed and judgment was entered decreeing (1) that the trust as to the one-half terminated at the death of Floretta E. Clason; (2) that there was a vested remainder in the *corpus* of one half of the trust dependent upon the life of Floretta E. Clason, and this was vested in the four children of Riverious P. Elmore equally; and (3) of this vested remainder one fourth went to *Eltinge Elmore,* one fourth to *Mary Hurd Elmore* as residuary legatee of Samuel Elmore, deceased, one fourth to *Amelia H. Huntley* as a child of Riverious P. Elmore, and one fourth to *Amelia H. Huntley* by virtue of the will of Floretta E. Clason, deceased. From such a judgment the *Wisconsin Trust Company,* as trustee under the will of Riverious P. Elmore, appealed. The children of Samuel Elmore also appealed.

For the appellant *Wisconsin Trust Company* there was a brief by *Lines, Spooner, Ellis & Quarles* of Milwaukee, and oral argument by *Louis Quarles.*

For the appellants *Magdalene Childs, Floretta Schriber,* and *Susan Haradon* there was a brief by *Van Dyke, Shaw, Muskat & Van Dyke* of Milwaukee, and oral argument by *Douglass Van Dyke.*

For the respondents *Eltinge Elmore,* as executor, and *Amelia H. Huntley* there was a brief by *N. L. Baker* and *W. J. Zimmers* of Milwaukee, and oral argument by *Mr. Baker.*

There was also a brief by the respondent *Eltinge Elmore, in pro. per.*

VINJE, J.    The main question raised by the appeal is whether the children of the testator took an interest in the *corpus* of the trust estate that vested in them upon his death and which could be disposed of by them by will or otherwise, or whether the will created a trust estate to be held by the trustee until the death of the two life tenants and until their issue, if any, attained their majority and then to be divided among the children of the testator and their issue as directed by the will.    We are favored with able and exhaustive briefs on both sides and numerous cases are called to our attention bearing upon the question presented.    Rules for the construction of wills are also invoked in aid of our task. While authorities and rules are helpful, the main solvent in each case must be found in the will itself, interpreted in the light of the circumstances surrounding the testator.    *Becker v. Chester,* 115 Wis. 90, 91 N. W. 87, 650; *Will of Ehlers,* 155 Wis. 46, 143 N. W. 1050. In the present case it is shown that the testator looked upon his son-in-law Clason as a spendthrift, and presumably for that reason did not wish to leave his property so that he could reach it.    It further appears that while he did not entertain such an opinion of his son-in-law Huntley, yet in order not to single out his daughter Floretta alone for different treatment in his will he put the two sons in one class and the two daughters in another.    It is evident that he desired to provide for the daughters as long as they lived by the payment to each of one half of the income of the trust estate.    It is also evident that he considered that upon the termination of the trust estate there would or might be a *corpus* thereof to be disposed of, for the will provides "and in trust to pay to and convey to my said four (4) children share and share alike—the lawful issue of any deceased child taking by right of representation—all the rest, residue and remainder of said trust estate, including the income, interest and profits thereof, not hereinbefore disposed of."    If he had intended that upon his death his chil-

dren would take a vested interest in the *corpus* of the trust estate, then there would be nothing for this residuary clause to act upon.    If his children took a vested interest upon his death it would be theirs and pass by will to their legatees, or if they died intestate it would pass by operation of law to their heirs.    In either event the testator's will could not affect it.    There would be nothing for the trustee to convey. But if he did not intend their interest to vest upon his death, then in the event that either or both of his daughters died without issue there would be a residuary estate upon which this clause of the will would operate, making it the duty of the trustee to convey as therein directed.

In view of the reason there existed for not creating a vested interest in his daughter Floretta, and in view of the direction to the trustee to pay over and convey, which direction would be meaningless if the interests vested, we have reached the conclusion that the county court properly construed the will.    Such construction harmonizes with the intent of the testator as shown by the circumstances surrounding him and gives meaning and effect to every part of the will.    In coming to this conclusion we are not unmindful of the rule that the law favors an early vesting of estates.    But this rule like all others must yield to the intent of the testator as disclosed by the whole will, giving effect if possible to every part thereof.    Where such intent is discovered and when it is lawful and is consistent with the ordinary significance of the language used, and gives to each part thereof its natural meaning, force, and effect, it controls, and all rules of construction must yield to it.    *Will of Smith, ante,* p. 207, 161 N. W. 749, and cases cited.

It seems quite evident that the scheme of the testator was to give to each of his two sons one fourth of his property absolutely; to leave one half in trust for the use of his two daughters as long as they lived, and for the use of their issue, if any, till they arrived at the age of twenty-one years;

then if they left issue to such issue, and if not, to his children if living at the time of the distribution, and if not, to their issue by right of representation. He did not wish that part of his estate left in trust to go to strangers, but to his own kindred.

But one trust was created and that was to continue till the death of both daughters and till their issue, if any, attained the age of twenty-one years. The duties of the trustee therefore continue as to the whole trust estate as found by the county court.

*By the Court.*—Judgment reversed, and cause remanded with directions to affirm the judgment of the county court. Appellant to recover taxable costs in this court, and respondents to recover taxable disbursements in this court, all to be paid out of the trust estate.

KERWIN and ESCHWEILER, JJ., dissent.