WILL OF READ: READ, by guardian *ad litem,* Appellant, vs.
READ, Executrix, Respondent.

*April 3—May 1, 1923.*

*Wills: Construction: After-born child: When excluded: Evidence:
Declarations of testator.*

1. In construing a will the intention of the testator should be
   ascertained from the words of the instrument in the light of
   all surrounding circumstances.
2. To ascertain whether it was the intention of a testator that no
   provision should be made for an after-born child, so as to
   defeat the right of such child to a share of the estate under
   sec. 2286, Stats., the fact that the testator left surviving him
   a widow and six children, five of whom were living when the
   will, which gave all the property to the widow, was made,
   can be considered.
3. Declarations of the testator as to his intentions are not ad-
   missible to show that he did not intend that an after-born
   child should share in his estate.
4. In view of the fact that testator had living children when he
   devised his entire estate to his wife, it is a more reasonable
   construction of the will that his intention was that no pro-
   vision should be made for any after-born child.

APPEAL from a judgment of the county court of Milwau-
kee county: JOHN C. KAREL, Judge. *Affirmed.*

*Ira S. Lorenz* of Milwaukee, guardian *ad litem,* for the
appellant.

For the respondent there was a brief by *Quarles, Spence
& Quarles,* attorneys, and *Howard T. Foulkes,* of counsel,
all of Milwaukee, and oral argument by *Mr. Foulkes.*

JONES, J. This proceeding arose on a petition by the
guardian of the minor son of the testator praying for a con-
struction of the will. The petition names the heirs at law
of the deceased, including his widow, and states that the
testator made no provision for any of his children but de-
vised his entire estate to his wife; that the ward of the
petitioner was born several years after the execution of the

will. The court was asked to determine whether the ward was entitled to a share in the estate. The court found and adjudged that it was apparent from the will of the deceased that it was his intention that no provision should be made for the after-born child; that the omission to provide for him was intentional and not by mistake; and that the entire estate vested in the widow to the exclusion of the after-born child.

Under the civil law the birth of a child or children after the execution of a will operated as an implied revocation of the will. This was on the theory that no parent could intend to exclude unborn children and leave them unprovided for without cause.

At common law, subsequent birth of a child or children did not cause a revocation of a will. At common law both marriage and the subsequent marriage of the testator operated as a revocation. This was the rule which has been generally adopted in this country in the absence of statutes. An extended discussion of this question will be found in an opinion by Chancellor KENT in the case of *Brush v. Wilkins,* 4 Johns. Ch. (N. Y.) 506.

But in most of the states statutes have been adopted by which, under the conditions stated in the statute, there is a partial revocation in favor of after-born children. In a few states there have been statutes following the civil-law rule declaring the will revoked by the subsequent birth of children. The following is the statute to be considered in this case:

"When any child shall be born after the making of his parent's will and no provision shall be made therein for him such child shall have the same share in the estate of the testator as if he had died intestate; and the share of such child shall be assigned to him as provided by law in case of intestate estates unless it shall be apparent from the will that it was the intention of the testator that no provision should be made for such child." Sec. 2286, Stats.

Under this statute and the facts already stated this is the question to be decided: When a married man having living children makes a will disposing of all his property absolutely to his wife, does an after-born child take the same share as if his parent had died intestate?

In other states there are two classes of decisions diametrically opposed and which cannot be reconciled. Counsel for the guardian especially relies on two cases in which the statutes under consideration were like our own, and where the testator had a wife and child living and bequeathed all of his estate to his wife. *Chicago, B. & Q. R. Co. v. Wasserman,* 22 Fed. 872; *Carpenter v. Snow,* 117 Mich. 489, 76 N. W. 67.

In both of these cases the court held that it could not look beyond the will; that since no mention was made of after-born children and no provision made for them, it could not be held that the omission to provide for them was intentional. The following cases from other states are also cited by appellant's counsel: *Waterman v. Hawkins,* 63 Me. 156; *Burns v. Allen,* 93 Tenn. 149, 23 S. W. 111; *McLean v. McLean,* 207 N. Y. 365, 101 N. E. 178; *Tavshanjian v. Abbott,* 200 N. Y. 374, 93 N. E. 978; *Lewis v. Hare,* 8 La. Ann. 378; *Chace v. Chace,* 6 R. I. 407, 78 Am. Dec. 446; and *Sutton v. Hancock,* 115 Ga. 857, 42 S. E. 214; but they so differ from the instant case because of differences in the statutes or the facts involved that it does not seem necessary to state their purport.

Counsel for respondent rely on decisions in Illinois where, under substantially the same state of facts and a statute quite similar to our own, it was held that in order to exclude an after-born child it was not necessary that such exclusion should be expressly declared in the will. *Froehlich v. Minwegen,* 304 Ill. 462, 136 N. E. 669; *Peet v. Peet,* 229 Ill. 341, 82 N. E. 376; *Lurie v. Radnitzer,* 166 Ill. 609, 46 N. E. 1116; *Hawhe v. C. & W. I. R. Co.* 165 Ill. 561, 46

N. E. 240. Counsel also cite *Leonard v. Enochs,* 92 Ky. 186, 17 S. W. 437. In that case the statute provided:

"If a will is made when a testator has a child living and a child is born afterwards, such after-born child, or any descendant of his, if not provided for by any settlement, and neither provided for nor expressly excluded by the will, but only pretermitted, shall succeed to such portion of the testator's estate as he would have been entitled to if the testator had died intestate; towards raising of which portion the devisees and legatees shall, out of what is devised and bequeathed to them, contribute ratably, either in kind or in money, as a court of equity, in the particular case, may deem most proper. . . ." Sec. 25, ch. 113, Gen. Stats. *Leonard v. Enochs,* 92 Ky. 186, 188, 17 S. W. 437.

There was a living child and the testator willed all his property to his wife. It was held that no direct words of exclusion were necessary, and that the intention appeared from the will; that the exclusion was intended to apply to all his children as a class. The following cases from other states are also cited by respondent's counsel: *Whittemore v. Russell,* 80 Me. 297, 14 Atl. 197; *Reeves v. Hager,* 101 Tenn. 712, 50 S. W. 760.

This is the first time that the question here involved has been presented to this court. Counsel for the guardian rely on two Wisconsin decisions: *Sandon v. Sandon,* 123 Wis. 603, 101 N. W. 1089, and *Bresee v. Stiles,* 22 Wis. 120. In both of these cases there were living children for whom provision was made in the will. In these cases it was held, in the absence of ambiguity, that the court could not look outside of the will to ascertain the purpose of the testator on this point, and that there was nothing within the will giving any intimation of the wish of the testator with regard to an after-born child. The last named of these cases was cited in the Michigan case above referred to.

Counsel for respondent rely on the case of *In re Donges's Estate,* 103 Wis. 497, 79 N. W. 786. In that case the tes-

tator was childless when the will was made. There was a devise to his wife of his real estate to hold until the youngest child, if any should be born, should attain the age of twenty-one years, and in case no children were living at his death, to his wife until she remarried. There were legacies to other relatives, one of whom survived, and the wife and two children also survived the testator.

Although the statute now under consideration was to be construed, it will be seen that the facts were quite different from those now before us. It is true also that the question of law involved was not the same, since the problem was whether under the statute there was provision for after-born children. Nevertheless, counsel for respondent relies on language used in the decision as applicable to the instant case. Mr. Justice Dodge said in the opinion:

"The comprehensive and all-dominating rule in construing wills is that the intention of the testator must be ascertained from the words thereof, in the light of all surrounding circumstances, and that intention be given effect." *In re Donges's Estate,* 103 Wis. 497, 500, 79 N. W. 786.

"It must be borne in mind that the legislative purpose was not to restrict the parent, nor to dictate to him what provision he should make. It was not to control his intention, but to provide for after-born children in the not improbable event of forgetfulness or oversight of the parent, upon the very presumption, indeed, that if he had thought of them he would have intended that they should have some share in his estate, and that share the law would then fix. The power of the testator to decide whether anything, and if so how much and in what form, should be given to after-born children, is as uncontrolled as if there were no statute on the subject. . . . It is not apparent why it should not be as much in the power of the testator to place a child, born after the making of his will, in a state of dependency on the mother, as it confessedly is to do so with the child in existence when the will was made. The perils to the child in each case are the same, and the reasons justifying or failing to justify interference by the legislature with the parent's

wishes on the subject do not vary in one case from the other." *Ibid.* 511, 512.

The opinion cited, among other cases, *Hawhe v. C. & W. I. R. Co.* and *Leonard v. Enochs,* above referred to.

The statement of Mr. Justice DODGE above quoted, in construing this statute to the effect that in construing wills the intention should be ascertained from the words of the instrument in the light of all surrounding circumstances, is the rule often declared by this court. *Estate of Boyce,* 173 Wis. 575, 181 N. W. 735; *Will of Elmore,* 165 Wis. 266, 162 N. W. 438; *Maxcy v. Oshkosh,* 144 Wis. 238, 261, 128 N. W. 899, 1138; 1 Schouler, Wills (5th ed.) § 466; 1 Redfield, Wills (4th ed.) p. 433.

The petition for probate of the will showed that the testator left surviving him six children, including the minor for whom the guardian appears; that the personal property was in excess of $1,000,000; and that the value of the real estate was in excess of $150,000. The petition of the guardian for the construction of the will also names the heirs, including the widow, and states that the ward was born several years after the execution of the will.

The facts stated in this petition were certainly before the court, and we consider that they were proper if not indispensable facts in the proceedings to construe the will. It is a familiar rule that in construing wills the court may place itself in the testator's place in order to determine what his intention was in the light of the circumstances as they existed at the time the will was made. 1 Greenleaf, Evidence (15th ed.) p. 388; 28 Ruling Case Law, 270, 271, and cases cited.

There is some conflict in the authorities as to what extent extrinsic evidence may be received under statutes of this kind. It is very clear that declarations of the testator as to his intentions are not admissible, but we cannot agree with the view of counsel for the guardian that in construing a will

under this statute no consideration can be taken of the fact that the testator has children living for whom the will makes no provision.

Unlike some statutes, sec. 2286, above quoted, does not contain the unqualified provision that there must be a revocation *pro tanto* or *in toto* unless some provision is made in the will for the after-born child, or unless he is expressly excluded. The language is: "unless it shall be apparent from the will that it was the intention of the testator that no provision should be made for such child."

The statute does not ignore the intention of the testator. If the intent to exclude the after-born child is apparent from the will, construed under those rules always applied, it is enough.

It is evident that in a proceeding under this statute the evidence as to extrinsic facts should be very carefully limited, and we are not prepared to say that we should approve the admission of some of the evidence received in some of the Illinois cases above cited.

In this case we have the conceded fact that the testator had five living children and a wife when the will was made. He evidently had entire confidence in his wife and presumably he loved his children. He made such a will as those who are so fortunate as to have a trusted wife and children very often make. He bequeathed and devised all he had to his wife, evidently believing that she would deal justly with his offspring. Although the statute must not be disregarded, we are construing the testator's will. In doing so it would violate the most important canon governing the construction of wills if we gave no heed to the intention of the testator as expressed in his will. It seems to us that it would do violence to the parental instinct and to his intention to hold that he excluded the children he knew and loved without also intending to exclude an after-born child whom he might never know or see.

In view of the facts that the testator had living children whom he excluded and that he devised his entire estate to his wife, we think it is the more reasonable construction that it was apparent from the will that it was his intention that no provision should be made for any after-born child; and that the wife should take his entire estate to the exclusion, as a class, of all his children, including the living and after-born alike.

It is not to be understood that in affirming the judgment of the county court we are overruling or in any way departing from the rule declared in the cases of *Bresee v. Stiles,* 22 Wis. 120, and *Sandon v. Sandon,* 123 Wis. 603, 101 N. W. 1089. In those cases the court was dealing with facts so unlike those here involved that we do not think the language there used is controlling in this case.

*By the Court.*—Judgment affirmed.