Allen vs. Boomer and others.

ALLEN, Executor, Respondent, vs. BOOMER and others, Appellants.

ALLEN, Executor, Appellant, vs. BOOMER and others, Respondents.

*May 5 — May 24, 1892.*

*Wills: Construction: Bequest of property belonging to legatee: Election: Trusts and trustees: Evidence.*

1. A testatrix bequeathed to her husband her entire estate, and further bequeathed *out of her and his property* such sum as should be necessary for the support of certain minors until they should attain majority, "according to the mutual agreement between me and my husband, as is expressed in his will." Her will also provided that after her death "all the property that shall be left that was mine or my husband's shall be divided between his and my legal heirs, one half to his heirs and one half to mine." Her husband was named as executor. The husband executed a will at the same time, giving all his property to the wife, with further provisions as to both estates similar to those in her will, and naming her as executrix. The wife died first. *Held:*

(1) Under the wife's will the husband took only a life estate in her property.

(2) Since her will disposed of his property and gave him property belonging to her, he was put to an election whether he would take under the will or reject the provision made for him therein.

(3) By propounding her will for probate, qualifying as executor, and claiming under the will the residue of her estate to the exclusion of her heirs and his own, the husband elected to take under the will; and such election binds him by all its provisions which affect him or his property.

(4) One half of the expense of supporting the minors named is to be paid from the principal of the wife's estate. The other half must be paid by the husband; and, if necessary, the court will sequestrate for that purpose the income of the wife's estate which he takes under her will, and charge any deficiency upon the residue of his estate.

(5) The estate of the husband is held by him in trust for his heirs and the heirs of his wife as specified in her will, and the court will

declare such trust and enjoin him from wasting his property or disposing of it to the injury of said heirs.

2. It is probable that by the reference to her husband's will as expressing a mutual agreement the wife incorporated his will into hers, and that therefore proof of the execution and contents of his will is not proof of facts extrinsic to hers.

APPEALS from the Circuit Court for *Fond du Lac* County.

In 1884, Charity S. Allen executed her last will and testament in due form, the material portions of which are as follows: "I bequeath to my husband, *Edward Allen*, my entire estate, both real and personal, of every name and nature. . . . I further bequeath out of my and my husband's property such sum as may be necessary for the support and education of Charity Wyman and Maud Wyman, daughters of Jason Wyman, and Fred L. Allen, until they shall be twenty-one years of age, according to the mutual agreement between me and my husband, as is expressed in his will. I further will and bequeath that after my death all the property that shall be left that was mine or my husband's shall be divided between his and my legal heirs, one half to his heirs and one half to mine." Her husband is named in the will as executor of her estate.

At the same time *Edward Allen* executed his will in similar terms, in which he devised and bequeathed all his property to his wife, charging their two estates with the support of the same minors, and making the same provision for the distribution of both estates after the death of both to their respective heirs as is contained in the will of Mrs. Allen The will also appoints Mrs. Allen executrix of his estate.

*Mr.* and Mrs. Allen had then been married about eight years. There were no children of the marriage, but each had children by a former marriage. Mrs. Allen died in 1887, leaving a daughter, Mrs. Griffin, and the two Wyman girls named in her will, who are daughters of her deceased

son, Jason Wyman. She left no other heirs. Mrs. Griffin died after her mother, intestate, leaving as her only heirs at law her daughter, *Cora J. Boomer,* and her granddaughter *Cora J. Moulton.* *Edward Allen* has two sons, one of whom is Fred L., one of the minors named in Mrs. Allen's will.

Upon the death of Mrs. Allen, *Edward Allen* presented her will to the proper county court for probate, and after a contest, which reached this court (*Allen v. Griffin,* 69 Wis. 529), the will was duly admitted to probate. *Edward Allen* thereupon qualified as executor thereunder, and administered the estate. In due time he presented his final account as such executor to the county court for allowance, and demanded that the residue of the estate be assigned to him absolutely under the will. The account was allowed and settled, and for the purposes of the distribution of the estate to those entitled thereto the court construed the will as follows: " That *Edward Allen,* the surviving husband of said testatrix, has the use during his life of her estate, real and personal, except such portion of said property or estate — that is, the principal thereof — as shall be necessary for the support and education of Charity and Maud Wyman until they are twenty-one years of age, or until the death of the said *Edward Allen* shall be used for that purpose. Upon the death of said *Edward Allen* what remains of said estate is to be divided between the heirs of said testatrix."

The executor appealed to the circuit court from that portion of the order and judgment of the county court construing the will. On the hearing the circuit court admitted the testimony of the person who drew the wills as to the instructions he received from *Mr.* and Mrs. Allen in that behalf, and also admitted the will of *Edward Allen* in evidence, all against the objections of the executor. The circuit court held " that by her said will the said Charity S. Allen gave to the said *Edward Allen,* her husband, a life

estate in all her property and estate, charged with and subject to a trust for the support and education of her two granddaughters, Charity Wyman and Maud Wyman, and Fred L. Allen, a son of said *Edward Allen*, until they should reach the age of twenty-one years respectively; said support and education to be paid for from the income of said estate if the same is sufficient therefor, and if not sufficient then from the capital of said estate so far as necessary. And that, after all of said minors have arrived at the age of twenty-one years, and after the death of said *Edward Allen*, the remainder of said estate, under said will, is to be distributed equally among the heirs of said Charity S. Allen." Judgment was entered accordingly.

The executor and legatee, *Edward Allen*, and *Cora J. Boomer* and *Cora J. Moulton*, heirs of the deceased Mrs. Griffin, appeal from the judgment of the circuit court.

*B. E. Van Keuren*, for the plaintiff, contended, *inter alia*, that all that follows the absolute devise should be construed as mere expressions of the wishes and recommendations of the testatrix, addressed to the discretion of her husband. Giving them any other construction renders them repugnant to and inconsistent with the first devise. *Merrill v. Emery*, 10 Pick. 507; 1 Perry, Trusts, 122, sec. 115; *Spooner v. Lovejoy*, 108 Mass. 529; *Knox v. Knox*, 59 Wis. 184–5; *Warner v. Bates*, 98 Mass. 277; 1 Redf. Wills, 682, sec. 23; 4 Kent, Comm. 270; *Ide v. Ide*, 5 Mass. 505; *Kelley v. Meins*, 135 id. 231; *Joslin v. Rhoades*, 150 id. 301; *Sears v. Cunningham*, 122 id. 538; *Barrett v. Marsh*, 126 id. 213; *Jones v. Bacon*, 68 Me. 37; *Howard v. Carusi*, 109 U. S. 725; *Gifford v. Choate*, 100 Mass. 343; *Campbell v. Beaumont*, 91 N. Y. 468; *Homer v. Shelton*, 2 Met. 206; *Hess v. Singler*, 114 Mass. 56; *Ladd v. Whitney*, 117 id. 201; *In re Pennock's Estate*, 20 Pa. St. 268; *Good v. Fichthorn*, 144 id. 287. The will is neither a joint nor a mutual will. Even if it were, it would still be a good and valid will so

far as Charity S. Allen is concerned, and would govern and
control the disposition of her estate. *Ex parte Day*, 1
Bradf. Surr. 476; Redf. Wills, 182, sec. 24; *Hill v. Harding*, 17 S. W. Rep. (Ky.), 199; *Betts v. Harper*, 39 Ohio St.
639; *Will of Diez*, 50 N. Y. 88; *Lewis v. Scofield*, 26 Conn.
452; *Black v. Richards*, 95 Ind. 184; *Murphy v. Black*, 41
Iowa, 488; *Schumaker v. Schmidt*, 44 Ala. 454; *Mosser v.
Mosser*, 32 id. 551; *Wyche v. Clapp*, 43 Tex. 543; *March v.
Huyter*, 50 id. 243; *Breathitt v. Whittaker*, 8 B. Mon. 530;
*Evans v. Smith*, 28 Ga. 98; *Hershy v. Clark*, 35 Ark. 17, 23.
If the court holds that *Edward Allen* takes an absolute
estate upon the condition of his supporting the children
out of the income of both estates and at his death giving
one half of the residue of both estates to the heirs of
Charity S. Allen, still Charity S. Allen had the legal right
to exempt him from giving bonds to secure the enforce-
ment of the trust; and the exemption from giving bonds
as executor, taken in connection with the phraseology of
the will, indicates that such was her intention.    Cases cited
by counsel for defendants are for the preserving of prop-
erty received from the estate of a dead person, and not for
the preservation of property of the living which has never
been subject to the jurisdiction of the probate court.

For the defendants *Cora J. Boomer* and *Cora J. Moulton* there was a brief by *Gary & Forward*, attorneys for
*Cora J. Boomer*, and *George Gary*, guardian *ad litem* for
*Cora J. Moulton*, and the cause was argued orally by
*George Gary* and *C. H. Forward*.    They contended, *inter
alia*, that the intention of the testatrix is inconsistent with
the rules of law, and therefore the gift to *Edward Allen*
with its trusts and conditions is void.    *Golder v. Littlejohn*,
30 Wis. 344, 350; *De Wolf v. Lawson*, 61 id. 469; *Ford v.
Ford*, 70 id. 19; *In re Oertle*, 34 Minn. 173, 177; *Landis v.
Olds*, 9 id. 90; *Cummings v. Corey*, 58 Mich. 494; *Eyer v.
Beck*, 70 id. 179, 181; *Morrison v. Sessions*, id. 297.    A de-

vise or bequest of the property of another person is with-
out lawful authority.  The whole scheme of this instru-
ment necessarily includes the disposition of the husband's
property.  The oral agreement between them is a contract
of sale, and is void as to the real estate under sec. 2302,
R. S., and as to the personalty under sec. 2308.  A mutual
will, joint in form, has been sometimes sustained — in one
case as a contract.  *Dufour v. Pereira*, 1 Dickens, Ch. 419.
If such an instrument is a contract, it cannot be a will.  An
irrevocable will is a solecism.  *Hobson v. Blackburn*, 1
Addams Eccl. 274; *Walker v. Walker*, 14 Ohio St. 157,
172-4; *Clayton v. Liverman*, 2 Dev. & Bat. Law, 558;
*Hershy v. Clark*, 35 Ark. 17.  The provisions for the grand-
children and for the heirs of the testator are not precatory
even in form.  They are positive provisions which could
not possibly be ignored.  *Jones v. Jones*, 66 Wis. 310; *Knox
v. Knox*, 59 id. 172.  If the husband can take anything un-
der the will he must elect to take it subject to all the pro-
visions of the will, or reject the whole.  1 Jarman, Wills,
*443; Story, Eq. Jur. sec. 1077; *Ditch v. Sennott*, 117 Ill.
362.  A tenant for life may and should be required to give
security for the benefit of those entitled to the remainder.
*Tyson v. Blake*, 22 N. Y. 558; *Smith v. Van Ostrand*, 64 id.
278, 281-2; *Hetfield v. Fowler*, 60 Ill. 45, 47-9; *Security Co.
v. Hardenburgh*, 53 Conn. 169, 171-2, 174.

For the defendants *Charity Wyman* and *Maud Wyman*
there was a brief by *J. H. Merrill*, guardian *ad litem*.  He
argued that the judgment of the circuit court giving to the
husband a life estate in the property, charged with a trust
for the support and education of *Charity* and *Maud Wy-
man*, should be affirmed, citing *Patty v. Goolsby*, 51 Ark. 61;
*Giles v. Little*, 104 U. S. 291; *Brant v. Virginia C. & I. Co.* 93
id. 326; Schouler, Wills, sec. 558; *Jones v. Bacon*, 68 Me. 34;
*Howard v. Carusi*, 109 U. S. 725; *Golder v. Littlejohn*, 30 Wis.
344; *Knox v. Knox*, 59 id. 172; *Jones v. Jones*, 66 id. 310.

LYON, C. J.   It is earnestly maintained on behalf of the executor and legatee, *Edward Allen*, that the will of Mrs. Allen is unambiguous in its terms, and hence that no testimony of extrinsic facts is admissible to aid in the construction thereof.   We think this is a correct position.   Although the will was drawn by a person not learned in the law (one learned in the law would shrink from drawing such a will), yet it must be admitted that it is clear in its terms, and there is no difficulty in gathering therefrom what was the intention of the testatrix and what disposition she desired to make of her property.

It seems also to be claimed that the execution and contents of *Edward Allen's* will are extrinsic facts, proof of which should be excluded under the above rule.   This proposition is, to say the least, a very doubtful one.   In her will Mrs. Allen refers to the will of her husband as expressing a mutual agreement between them.   It is probable that by such reference she substantially incorporated his will in hers, as effectually as she would have done had she set it out in her will *in hæc verba*.   It was so held in *Newton v. Seaman's Friend Soc.* 130. Mass. 91.   Hence proof of the contents of *Mr. Allen's* will can hardly be said to be proof of an extrinsic fact.   But, however that may be, we shall determine the construction of Mrs. Allen's will by its own terms alone, without regard to the will executed by her husband or any agreement with him, or to any of the extrinsic facts proved on the hearing in aid of construction. In other words, our construction of the instrument will be the same as it would be had *Edward Allen* never known of its existence until after the death of his wife, and never conversed with her on the subject.   On this basis we proceed to construe the will of Mrs. Allen.

1. On the authority of the cases of *Jones v. Jones*, 66 Wis. 310, and *Knox v. Knox*, 59 Wis. 172, it cannot be doubted that both the county and circuit courts held cor-

Allen vs. Boomer and others.

rectly that *Edward Allen* took only a life estate in the
property devised and bequeathed to him by his wife.   The
argument that the general words employed in the will con-
vey to him the whole of her estate is fully answered by
*Jones v. Jones;* and the argument that the provisions for
the support of the minor heirs named in the will, and the
residuary clause therein, are mere precatory clauses, is fully
answered by the case of *Knox v. Knox.*   That was a
stronger case than this for the construction contended for,
because the devise and bequest which was there held to be
for life only was to the devisee and legatee, and to " her
heirs and assigns forever."   There are no words of inher-
itance in the provision for *Mr. Allen* in the will of his de-
ceased wife.

2. The will in terms disposes of the property of *Edward
Allen,* and gives him property belonging to the testatrix.
The law is well settled that this put *Mr. Allen* to his elec-
tion whether he would take under the will, or reject the
provision made for him therein and stand upon his rights
as they existed irrespective of the will.   The rule in equity
is that if A. by his will gives property to B., and at the
same time gives C. property belonging to B., the latter is
put to his election.   He cannot take the property given
him by the will and at the same time deprive C. of the
property thus given him.   He must refuse to take under
the will, or allow C. to have the property thus given him,
although the testator had no power to dispose of it.   The
rule is laid down by the best text writers, and is established
by numerous adjudications of courts of the highest author-
ity.   Indeed, the justice and equity of it is very obvious.
The best statements of the adjudications on the subject,
and of the principles upon which the rule is founded, that
have come to our notice, may be found in 1 Pom. Eq. Jur.
§ 461, and following; and in Mr. Swanston's notes to *Dil-
lon v. Parker,* 1 Swanst. 359, and *Gretton v. Haward,* id.

408.  These notes seem to embrace all the learning on the subject at the time they were written.  The discussion of the subject by Mr. Pomeroy is also very learned and satisfactory.  See, also, 2 Story, Eq. Jur. § 1077; 1 Jarm. Wills, 443; *Ditch v. Sennott*, 117 Ill. 362.  The authorities leave no reasonable doubt that *Edward Allen* was put to his election whether he would take under the will of his deceased wife or not.  He could not elect to take under the will as to the devise and bequest therein to him, and reject it as to the residue.  An election by him to take under the will binds him by all its provisions which affect him or his property.  ·

3.  *Edward Allen* propounded the will of his deceased wife for probate, qualified as executor under it, and administered her estate.  He claimed all the residue of her estate under the will, to the exclusion of her heirs and his own, both in the county and circuit courts, and he is in this court asserting the same claim.  We are of the opinion that these acts on his part are an election to take under the will.  He must be held, therefore, to all the equitable consequences which result from such election.

4.  Mrs. Allen's will in terms charges the support of certain minor heirs on the two estates.  It is reasonable to presume that she intended thereby to charge each estate with one half of the expenses of such support.  She having given a life estate to her husband in all her property, which necessarily gives him the income thereof, it is also reasonable to presume that she intended her share of such expense should be paid out of the principal of her estate.  The other half must be paid by *Edward Allen*.  As one means of enforcing such payment the court may, so far as necessary, appropriate thereto the income of the estate of Mrs. Allen, which would otherwise go to her husband.

5.  Upon the death of *Edward Allen* the two estates must be distributed to the respective heirs of him and his wife,

in equal shares, as specified in her will, and the court has ample power to declare, and should declare, a trust for their benefit in his estate, and has power also to restrain him from squandering or otherwise disposing of his estate to the injury of such heirs.

Briefly to recapitulate: The will of Mrs. Allen should be construed and effect given thereto as follows: *Edward Allen* takes under it the whole of her estate for his life, less a sufficient amount thereof to pay one half the expenses of the support and education of the three minor heirs named and provided for therein. He is chargeable with the other half of such expense, and, if necessary, the court will sequestrate to that purpose the income of the estate he takes under Mrs. Allen's will, and if the same is insufficient to pay his half of such expenses the court will charge the deficiency on the residue of his estate. The court will further adjudge that *Edward Allen* holds his own estate in trust for his heirs and the heirs of Mrs. Allen, to be distributed to them at his death, as specified in her will, and will enjoin him from wasting or making any disposition of his estate to the injury of such heirs.

*By the Court.*— The orders and judgments of both the county and circuit courts are reversed on both appeals, and the cause will be remanded with directions to the circuit court to enter judgment approving the final account of the executor, and disposing of the estate of Mrs. Allen as herein indicated. The judgment will contain the provisions above suggested for the security of the heirs and beneficiaries under the will and the protection of their rights in the estates of both *Mr.* and Mrs. Allen. Such judgment will be certified to the county court for its guidance in settling the estate of Mrs. Allen and in directing the conduct of the guardians of the minor heirs. The taxable costs of the executor, and of the heirs who have litigated these appeals in this court, will be paid out of the estate of Mrs. Allen.