WILL OF SMITH: BAKER and another, Respondents, vs. MANN, Executor, and another, Appellants.

*February 13—March 13, 1917.*

*Wills: Construction: Fee or life estate?*

That part of a will whereby the fee of all testator's real estate was devised to his son was revoked by a codicil in which said real estate was devised to the son "for his sole use and purpose during the term of his natural life providing there be no issue, then said real estate to be sold and the proceeds to be equally divided between my grandchildren share and share alike." *Held,* that testator's intention was to give the real estate absolutely to the son in case he had issue, and if not, to give him merely a life estate.

APPEAL from a judgment of the circuit court for Racine county: E. B. BELDEN, Circuit Judge. *Reversed.*

The construction of the will of Benjamin Smith, made on the 13th day of July, 1883, and codicil added August 4, 1885, is the question involved upon this appeal. The will is as follows:

"First. It is my will that all of my just debts and funeral expenses be paid with all convenient speed after my decease.

"Second. I hereby give and bequeath to my beloved wife, Philinda Smith, all of my household furniture which she may select; the use of one half of my dwelling house—said

half to be selected by her, on my farm in the said town of Caledonia, during her natural life. Also the sum of three hundred and sixty dollars per year to be paid her by my executor hereinafter named semi-annually during her natural life from my estate and at her death her funeral expenses are to be paid out of my estate.

"Third. After the death of my wife I hereby give, devise, and bequeath to my son, Samuel G. Smith, all of the real estate of which I may die seized. Also all the stock, tools, and farming implements which may be on said real estate and farm at the decease of my said wife.

"Fourth. I hereby give, devise, and bequeath to my daughter, *Mary Ann Baker,* after the death of my wife, the sum of one thousand dollars.

"Fifth. After the death of my said wife I hereby give, devise, and bequeath to my daughter, *Sarah Jane Summerton,* the sum of one thousand dollars.

"Sixth. After the death of my said wife I hereby give, devise, and bequeath to my granddaughter, Laura F. Summerton, the sum of two hundred dollars.

"Seventh. After the death of my said wife I hereby give, devise, and bequeath all the rest and residue of my property to my children, *Mary Ann Baker,* Samuel G. Smith, and *Sarah Jane Summerton,* to be divided equally between them share and share alike.

"Eighth. I hereby nominate and appoint my said wife, Philinda Smith, and my son, Samuel G. Smith, executors of this my last will and testament, and I hereby will and direct that they have the care, management, control, and use of my property, both real and personal, during the lifetime of my said wife, and out of the income arising from the use of my said property my executors are directed to pay to my said wife semi-annually the sum of one hundred and eighty dollars, making a year's payment of three hundred and sixty dollars, and should the income arising from the use of my property after deducting expenses be more than sufficient to pay said sum of three hundred and sixty dollars annually to my said wife, I hereby will and direct that the surplus, after making such payment, be equally divided between my said wife, Philinda Smith, and my children, *Mary Ann Baker, Sarah Jane Summerton,* and Samuel G. Smith, share and share alike."

The second paragraph of the codicil is as follows:

"Second. After the death of my wife Philinda Smith, I hereby give, devise and bequeath to my son Samuel G. Smith, all of the real estate of which I may die seized for his sole use and purpose during the term of his natural life providing there be no issue, then said real estate to be sold and the proceeds to be equally divided between my grandchildren share and share alike."

The first paragraph of the codicil revokes that part of the will which provides that after the death of the testator's wife he gives to his son,. Samuel, all the real estate of which he may die seized; and the third paragraph revokes that part of the will appointing his son, Samuel G. Smith, as one of the executors and nominates his wife sole executrix without bonds.

Samuel G. Smith married September 21, 1883, and his daughter, *Viola Smith,* now by marriage *Viola Lower,* was born May 23, 1886. Samuel G. Smith died testate December 1, 1913, survived by said daughter and having named *Isaac O. Mann* executor and trustee. *Mann* duly qualified as such executor and trustee and was acting as such at the time this action was commenced.

The county court held that the real estate, on the death of the testator and of issue born to Samuel G. Smith, became the property of Samuel in fee, subject only to the rights of the widow.

The circuit court on appeal reversed the decision of the county court and held that Samuel took only a life estate and that the fee of the real estate passed by the residuary clause to *Mary Ann Baker, Sarah Jane Summerton,* and *Viola Lower,* daughter of Samuel G. Smith, jointly and equally.

The executor and trustee, *Isaac O. Mann,* appealed to this court from the judgment of the circuit court.

*D. H. Flett* and *W. D. Thompson* of Racine, for the appellant *Mann.*

For the appellant *Lower* there was a brief by *Gittings & Janecky* of Racine, attorneys, and *O'Connor & Burns* of Milwaukee, of counsel, and oral argument by *C. C. Gittings* and *Geo. A. Burns.*

For the respondent there was a brief by *Simmons & Walker* of Racine, and oral argument by *M. E. Walker.*

Kerwin, J.     Three contentions are made in this case: (1) Counsel for *Isaac O. Mann,* trustee under the last will of Samuel G. Smith, deceased, contends that at the time of the death of said Samuel G. Smith, issue having been born to him, said Samuel G. Smith was the owner in fee of the real estate in question, and upon the admission of his will to probate the fee vested in said trustee for the benefit of *Viola Lower,* daughter of said Samuel G. Smith, which construction was sustained by the county court.     (2) *Mary Ann Baker* and *Sarah Jane Summerton,* daughters of Benjamin Smith, deceased, contend that the real estate is either intestate property or passed by the residuary clause of the will of said Benjamin Smith, and that upon the death of Samuel G. Smith the property vested in equal undivided shares in *Mary Ann Baker, Sarah Jane Summerton,* and *Viola Lower,* only surviving child of Samuel G. Smith, deceased.     (3) *Viola Lower,* as sole surviving heir at law of her father, Samuel G. Smith, contends that on the death of her father she, by implication, became the owner in fee of the real estate in question.

It is clear from the original will that the testator, Benjamin Smith, intended to dispose of his entire estate, and it is likewise clear that he intended to give the real estate—a farm—and "all the stock, tools, and farming implements" to his son, Samuel G. Smith.     The uncertainty arises from the second paragraph of the codicil, set out in the foregoing statement of facts.     The codicil was not drawn by a lawyer and is not clear.     The circuit court in reversing the county court

and in holding that Samuel G. Smith took only a life estate, and that the fee of the farm passed by the residuary clause to *Mary Ann Baker, Sarah Jane Summerton,* and *Viola Lower,* daughter of Samuel G. Smith, jointly and equally, arrived at its conclusion by a system of punctuation and change of words, which we think was not warranted.

Samuel G. Smith having married September 21, 1883, and no issue having been born until May 23, 1886, and the codicil having been made August 4, 1885, the testator, Benjamin Smith, might reasonably have inferred that no issue would be born to Samuel, and this may have induced the making of the codicil.   It is doubtless true that some cause existed for the codicil, and we think it reasonable to infer, although the language is not plain, that his purpose was to give the real estate and farm implements absolutely to his son, Samuel, in case he had issue, and if not, to simply give him a life estate. This we think is the natural and reasonable construction to be drawn from the original will and codicil in connection with all the facts and circumstances appearing in the case, and, if such were the intention of the testator, then such intention must be followed.    *In re Donges's Estate,* 103 Wis. 497, 500, 79 N. W. 786; *Will of Ehlers,* 155 Wis. 46, 143 N. W. 1050; *Will of Allis,* 163 Wis. 452, 157 N. W. 548, 158 N. W. 330; *Will of Waterbury,* 163 Wis. 510, 158 N. W. 340.

The county judge in his opinion said:

"The codicil first revokes that portion of the third clause of the will which gives Samuel the fee to the real estate, while the second paragraph of the codicil puts back into the will the identical words appearing in the original will, except that he added the name of his wife and has spelled the word 'seized' siezed instead of seized.    Had he stopped here, the codicil would have been identical with the original will and Samuel would have taken a fee to the land.    In the language following he undertakes to qualify and modify the gift to his son, and by adding 'for his sole use and purpose during the term of his natural life' he changed his gift from a fee to a life es-

tate.   Had he gone no further there can be no doubt that his son would have taken but a life estate, but he evidently wished to modify this life estate, for he added a proviso in the words 'providing there be no issue.'    This last clause, in my judgment, has to do with the words creating the life estate and reasonably means that, should there be issue, then the words 'for his sole use and purpose during the term of his natural life' would be inoperative.    The 'proviso' relates to the life estate, for the very nature of the words 'there be no issue' are relative to the subject under consideration, to wit, whether to give his son the fee or a lesser estate."

The court is of opinion that the county court properly construed the will and codicil, therefore the judgment of the circuit court must be reversed.

*By the Court.*—The judgment of the court below is reversed, and the cause remanded with directions to enter judgment adjudging the fee of the real estate in question to have been in Samuel G. Smith at the time of his death in accordance with the original judgment and decree of said county court, and remit the record to the county court for further proceedings according to law.