STATE EX REL. SCHAECH, Petitioner, vs. SHERIDAN, County Judge, Respondent.

*February 15—March 8, 1949.*

378

*Torphy & Torphy,* attorneys, and *Ralph M. Hoyt* of counsel, all of Milwaukee, for the petitioner.

*George J. Krebs* of Milwaukee, for the respondent.

*Affeldt & Lichtsinn* of Milwaukee, for Carol Mickowski, Theresa Schaech, and Carolyn Schaech.

*Joseph F. Eckert, Paul L. Jackels,* and *Roman H. Pitz,* all of Milwaukee, for the executor.

ROSENBERRY, C. J.   From the petition it appears that Andrew J. Schaech, a resident of the city and county of Milwaukee, died on the 21st day of August, 1946, leaving a last will and testament which is set out in full in *Will of Schaech* (1948), 252 Wis. 299, 31 N. W. (2d) 614, 33 N. W. (2d) 319.

The county court found that the will of the deceased, Andrew J. Schaech, is a reasonable, equitable, and fair one, and that there is no occasion to apply the doctrine of equitable conversion, whereupon the will was admitted to probate. Subsequently George P. Schaech and Carolyn Schaech were appointed executors, and George P. Schaech, as executor, petitioned the county court of Milwaukee county for a construction of the will. Thereafter Carol Mickowski, a daughter of the testator, filed a petition in the county court asking that Florence Schaech, the widow, be required to elect whether she would take under the law or pursuant to the will. The widow made no election, but by petition requested that the court construe the will in the following respects:

(1) What property passes to the widow by the provision— "all personal property, etc., unless otherwise stipulated, to my wife;" (2) Can decedent, by his will dispose of four designated insurance policies in which his wife [the petitioner] is named as beneficiary? (3) Can decedent dispose of the joint bank account of himself and wife? (4) Can decedent dispose of his interest in the homestead of the testator and his wife in the name of the two as joint tenants? (5) What becomes of the bequests to the two sisters payable out of a designated insurance policy payable to the widow when there are no moneys from the company to pay the bequest? (6) For an order and judgment determining what property belongs to the estate and to whom decedent's property is to be distributed.

The several petitions were brought on for hearing. Judgment was entered August 6, 1947. The judgment awarded the property which stood in the name of the widow to her, and awarded to her the property devised to her by the will of her husband, determined that the bequests to Theresa Schaech and Carolyn Schaech failed for the reason that the beneficiary named in the insurance policy takes the proceeds of the insurance policy by reason of her being the named beneficiary; that the devise to a daughter, Carol Margaret Schaech, failed

because the homestead which was held in joint tenancy by reason of the death of the testator became the sole property of Florence L. Schaech.

From the judgment Carol Mickowski, daughter of the testator, and Florence Schaech and Carolyn Schaech, sisters of the testator, appealed.

The clause in the judgment which stated that the doctrine of equitable conversion did not apply was apparently intended to deny the petition asking that the widow be required to elect, and amounted to a holding that the doctrine of election did not apply. On appeal this court held that the doctrine of election did apply, that the widow had elected to take under the will, and remanded the case to the trial court with the following mandate:

"The judgment of the county court construing the first paragraph of the will to pass all personal property possessed by the testator at his death to his widow except as otherwise stipulated in his will is affirmed; and the other provisions of the judgment are vacated and set aside; and the court is directed to enter judgment declaring the widow to have elected to take under the will; adjudging the will valid in all its terms; directing the executor to pay appellants Schaech each $500 out of the funds in his hands as executor; and to all other beneficiaries named in the will the amounts of their several legacies and deliver to them their specific legacies; directing that the judgment assign to Carol Mickowski the half interest of the testator in the real estate held jointly by the testator and his wife; and directing concluding the administration and distribution of the estate as required by the terms of the will and the law."

Thereafter a motion for rehearing was made, which was denied.

Upon remand of the record to the trial court further proceedings were had. Among other things, the widow on August 10, 1948, filed a purported election to take the provisions made for her by the laws of the state of Wisconsin in-

stead of the provisions made for her in the will of her husband, the above-named decedent.

Upon the petition of the executor for final distribution of the estate of the deceased the court instructed counsel for the parties to draw a final decree in accordance with the opinion of the supreme court, and the supplemental opinion rendered by the court on rehearing in the matter of *Will of Schaech.*

It is alleged in the petition that such proposed decree and judgment was prepared and that the respondent, a judge of the county court of Milwaukee county, proposes to enter said proposed decree and judgment. By the proposed judgment it was provided that the personal property be distributed in accordance with the terms of the will, that the real estate (describing the same) owned jointly by the deceased and Florence L. Schaech, be assigned an undivided one-half interest to Florence L. Schaech and an undivided one-half interest to Carol Mickowski, as tenants in common, and that upon the distribution of the property as provided in the judgment the administrator be discharged.

The petitioner asks that this court issue its writ of prohibition commanding the county court of Milwaukee county to desist from the entry of the proposed final decree and judgment. Upon the hearing relator contended that the entry of the proposed decree and judgment should be prohibited upon the ground that the county court of Milwaukee county has no jurisdiction to enter the proposed final decree, for the reason that it has no equity jurisdiction sufficient to implement the decree and judgment, in other words, to require a conveyance of the real property owned in joint tenancy to the parties named in the judgment, to wit, Florence L. Schaech and Carol Mickowski.

The extent of the jurisdiction of the county court in matters relating to estates of deceased persons has been considered many times by this court.

In *Cawker v. Dreutzer* (1928), 197 Wis. 98, 221 N. W. 401, cases down to that time were carefully reviewed and it was held that unless it is made to appear that the county court before which an estate is being administered cannot afford as adequate, complete, and efficient a remedy as the circuit court, the circuit court should not assume jurisdiction, and to do so will be treated as reversible error. Anything to the contrary in former opinions must be considered as overruled.

This leaves for consideration, What is the extent of the county court's jurisdiction?

The case of *Brook v. Chappell* (1874), 34 Wis. 405, is the leading case upon the extent of the county court's jurisdiction. In that case William Chappell, the testator, during his last sickness and when he thought himself dying, though in reality some thirty days before his death, called respondent to him in the presence of several witnesses and told him there were some other persons to whom he wished to give something, and directed him to get a pencil and paper and take down what should be told him. He then named over the persons to whom he wished to give legacies, with the amounts to be paid to each, respondent taking them down as given him, and finally charged respondent to carry out such conditions as faithfully as those contained in the will. It does not appear that the respondent made any objection or refused to carry out the instructions of the testator, while one witness testifies that when the testator finished speaking, respondent said "well." On appeal from the probate (county) court, the circuit court reversed the judgment of the probate (county) court allowing such nuncupative codicil. The executor and proposed legatees under the codicil appealed.

Among other things, the court, speaking by DIXON, C. J., said (pp. 410–412) :

"We do not suppose the county court, sitting in probate, is limited to granting or refusing the precise relief asked on such

application, but are of the opinion that, acting within its jurisdiction, it may, especially where the parties opposed in interest are present or are represented, grant any relief consistent with the facts proved or admitted and which the justice of the case demands. . . . We are of the opinion, therefore, that the circuit court should have rendered a judgment, or have remanded the case to the county court directing it to render a judgment, establishing and confirming a trust in favor of the petitioners or parties interested in the application, against James K. Chappell, the residuary legatee and one of the executors named in the written will. . . .

"Of the power of the county court in probate to grant the relief here spoken of, this court feels entirely confident. It has all the jurisdiction, both legal and equitable, unless expressly reserved, necessary to the due administration of the estates of deceased persons and to the performance of all acts required in the course of such administration, including the probate of wills and the giving effect to the intention of testators, whenever such intentions may be effectuated by the powers and processes possessed and used by any court of justice. It may grant equitable relief or enforce a trust in a case of this nature, the same as a court of equity; and although the jurisdiction of a court of equity still exists, it does not oust that of the county court in a proper case. The doctrine of equitable estoppel may be recognized, and its principles enforced, as well by the county court as by the court of chancery, the jurisdiction of the latter being concurrent, merely, in any matter pertaining to the settlement of the estates of deceased persons."

Referring to what is now sec. 253.03, Stats., the court continued (p. 413) :

"The jurisdiction here conferred is coextensive with that possessed by any court of equity or of law in a case of this description, which clearly relates to the settlement and distribution of the estate of the testator. . . . The plenary powers of the court of probate in all matters within its jurisdiction, have often been recognized by this court; and we do not know that they are or will be seriously questioned by any one."

See also *Tryon v. Farnsworth* (1872), 30 Wis. 577.

A county court has jurisdiction over the persons of beneficiaries named in a will admitted to probate in such court. *Estate of Sipchen* (1923), 180 Wis. 504, 193 N. W. 385.

In *Hicks v. Hardy* (1942), 241 Wis. 11, 16, 4 N. W. (2d) 150, which was an action in the circuit court to set aside an election of a widow not to take under her husband's will, and to take under the statute, relief asked was that the election be vacated and the plaintiff restored to her rights under the will. It was held that the county court had jurisdiction of the matter and the circuit court did not have jurisdiction, and further that the circuit court should have certified the action to the county court.

It was held:

"It is well settled by the law of this state that county courts as courts of probate have full equity jurisdiction over the administration of estates disposed of by will, including equitable jurisdiction to vacate orders and judgments made and rendered in administering such estates that were induced by fraud. A full exposition of such jurisdiction is given in *Estate of Bailey,* 205 Wis. 648, 238 N. W. 845. This power extends to final judgments of distribution. *Estate of Staab,* 166 Wis. 587, 166 N. W. 326; *Guardianship of Reeve,* 176 Wis. 579, 186 N. W. 736."

*Razall v. Razall* (1943), 243 Wis. 15, 18, 9 N. W. (2d) 72, was an action brought in the circuit court to enforce payment of alimony to the plaintiff by the defendant out of a testamentary trust then being administered in the county court for Milwaukee county. It was held that the circuit court should not have assumed jurisdiction of the proceeding by the divorced wife of a beneficiary of a testamentary trust to charge the trust with the payment of alimony in circuit court, but the proceeding should have been brought in the county court.

The court said:

"Respondent contends that she is in no position to make application to the county court for a construction of the trust because she is not a beneficiary or heir at law. If respondent

has funds properly payable to her from the trust, we can see no reason why these facts cannot be set forth in a petition to the court, and an order to show cause why the payment should not be made from the trust funds. This would then present to the county court the question of construction of the trust and the liability of any of its funds for the payment of alimony to the respondent. The county court could apply the same rules of equity that the circuit court might apply."

In *Laabs v. Milwaukee* (1940), 236 Wis. 192, 202, 294 N. W. 1, 294 N. W. 814, the court cited with approval the following from *Will of Robinson* (1935), 218 Wis. 596, 603, 261 N. W. 725:

"While the county courts derive their powers from the statutes, they have plenary jurisdiction in all matters of administration, settlement, and distribution of estates of decedents, and their jurisdiction is in considerable part concurrent with that of courts of equity."

It has been held in a number of cases that the jurisdiction of the county court extends to the administration of estates and to all matters relating to the settlement of such estates. See *Laabs v. Milwaukee, supra.* See also *Wisdom v. Wisdom* (1914), 155 Wis. 434, 145 N. W. 126.

Under these decisions the only question remaining for investigation is whether in the matter of the probate of a will, under the terms of which it is necessary for the widow of the testator to elect whether she will take under the will or according to law, and her election to take under the will is made, the county court has jurisdiction to declare and enforce the rights of the parties to the proceeding created by her election. That such a proceeding is a part and a necessary part of the administration of the testator's estate, seems to be beyond question.

It was argued that in a case such as this the county court should determine the rights the widow would have under the will, the rights she would have if she elected not to take under the will, and that when such matters were determined she might then decide which course she would pursue. The ques-

tions she asked could only be answered after her election had been made. When the county court held that she was not required to elect and could take under the will and retain that part of her property which her husband had attempted to devise, the widow supported that position on appeal.

Under such circumstances it is clear that the widow submitted the question of her rights to a determination of the county court. It is equally clear that a county court has broad equity powers and can apply equitable principles in relation "to all matters relating to the settlement of estates."

It may be argued that the property owned by the widow in her own right, including that held in joint tenancy, which tenancy was never severed during the lifetime of her husband and therefore upon his death passed to her, the insurance policies made payable to her, and the joint bank account which also passed to the widow upon the death of the testator, were not a part of the testator's estate and therefore the county court has no jurisdicion to deal with it in this proceeding.

It is not contended in this case that under the provisions of the will the widow at some point was not required to elect whether she would take under the will or under the law. When her election was made to take under the will she became entitled to the provisions made for her in the will, and by her election she created an equitable title in the devisees to whom her husband had devised the property held by her in her own right. It is plain that thereafter she held the property so devised by her husband as a trustee for the benefit of the devisees to whom it had been willed. It cannot be successfully contended in the situation created by her election, that the court in order to complete the administeration has no equitable jurisdiction to adjudicate and determine the rights of the parties to the probate proceeding, all of whom are before the court. By the election of the widow the will became operative upon the property devised which theretofore had been the sole property of the widow, the same as if it had originally been a part

of the husband's estate, the only difference being that another step must be taken in order to reduce the legatees' equitable title to a legal title.

If the widow refuses or fails to convey the title to a half interest in the homestead and to pay over an amount necessary to satisfy the legacies of the sisters, the county court has complete jurisdiction to transfer it by judgment under the provisions of sec. 318.06, Stats. 1947. The judgment therefore should provide that if the widow, within a time to be fixed by the trial court, refuses to convey the title to the property owned by her and devised by her husband, the judgment shall operate as a conveyance. A form will be found in 5 Winslow's Forms of Pleading and Practice (3d ed.), p. 524, sec. 7011, which, with some adaptation, may be made applicable to the facts of this case.

If in the meantime the plaintiff has received the proceeds of the policies out of which the other legatees were to be paid, and she refuses to reimburse them, the county court in the exercise of its jurisdiction may provide by its judgment that in that event the amount due the other legatees may be deducted from the share due the widow under the will. We entertain no doubt that the county court has ample jurisdiction to deal with the entire matter. See *Application of Wilber* (1881), 52 Wis. 295, 9 N. W. 162; *Willey v. Lewis* (1902), 113 Wis. 618, 88 N. W. 1021.

We have made these suggestions because a mere denial of the writ might be assumed to be an approval of the form of the proposed judgment. As is already indicated, the form of the proposed judgment should be modified so as to terminate finally the proceeding.

*By the Court.*—The contention of the widow that the county court is without jurisdiction cannot be sustained, and the application for the writ must be denied.

FRITZ, J., dissents.