WILL OF PARKER: WHITE and others, Appellants, vs. JENSON and others, Respondents.

*April 2—May 1, 1956.*

For the appellants there was a brief by *Graves & Chambers* of Wisconsin Rapids, and oral argument by *R. B. Graves*.

For the respondents there was a brief by *Davison & White* of River Falls, and oral argument by *John W. Davison*.

FAIRCHILD, C. J.   Appellants contend that the testator, "by defining his estate as including one half of the joint property [bank account] intended that the value of such

property be taken into consideration in determining the one-third interest in his estate bequeathed to his wife." They concede that "the will was ineffectual to pass the title to the cash in the bank account;" but suggest that the court, under its equity jurisdiction, has the power to decree distribution according to their contention. They seek construction of the will according to that concept. In determining the intention of the testator in that respect, we must note the nature of the item dealt with and ascertain the intention as expressed in the will from a consideration of the whole document. *Will of Hamburger,* 185 Wis. 270, 201 N. W. 267. In *Will of Stephens,* 206 Wis. 16, 19, 238 N. W. 900, is the following holding:

"But we must look to the language of the whole will and read it in the light of the circumstances surrounding the testator, in order to discover what was apparently in his mind at the time he made it, and thus ascertain his intention. *Donges's Estate,* 103 Wis. 497, 79 N. W. 786; *Ohse v. Miller,* 137 Wis. 474, 119 N. W. 93; *Maxcy v. Oshkosh,* 144 Wis. 238, 128 N. W. 899, 1138; *Flint v. Wisconsin Trust Co.* 151 Wis. 231, 138 N. W. 629; *Will of Ehlers,* 155 Wis. 46, 143 N. W. 1050; *Will of Smith,* 165 Wis. 207, 161 N. W. 749; *Will of Elmore,* 165 Wis. 266, 162 N. W. 438; *Will of Read,* 180 Wis. 497, 193 N. W. 382."

The one half of the joint bank account attempted to be disposed of by the testator in his will became at the very moment of his death the property of the widow through operation of law. That specific property is gone from the estate. It is extinguished so far as the estate is concerned. It never became a part of the estate. No one could dispose of it without the owner's consent. Appellants, however, contend that it was the intention of the testator to limit the surviving spouse's one third. The respondents, relying on the true ownership of the property, raise the question as to whether the testator, by bequeathing one half of the bank

account held in joint tenancy by himself and wife, required his widow to make an election under the provisions of sec. 233.13, Stats., and insist the answer to that question is "No;" and they argue that in order to bring the property under the will for distribution it would have been necessary to make provision therein requiring an election by the widow to hold her property or take under the will.

The respondents' position is that the testator did not intend to take some $6,000 from the widow and give it to the residue of his estate, and that the doctrine of election is not applicable because of the lack of provisions requiring it. "Before a testamentary beneficiary whose property is apparently disposed of by the will in question is required to make an election, the testator's intention to dispose of property which did not belong to him must clearly and unmistakably appear, . . ." 57 Am. Jur., Wills, p. 1062, sec. 1557. "It is important to bear in mind that the doctrine has no application unless there is 'a clear intention expressed on the part of the testator to give that which is not his property.'" *Lansdale v. Dearing,* 351 Mo. 356, 361, 173 S. W. (2d) 25, 147 A. L. R. 728, referring to 3 Story, Eq. Jur. (14th ed.), p. 124, sec. 1462. The rule that a will speaks from the death of the testator is well established. In determining the testator's intention, a court considers his situation, the circumstances and conditions surrounding him at the time of the execution of the will. The will was not ambulatory beyond the life of the testator and was subject to revocation. See *Lansdale v. Dearing, supra.*

Appellants, in their brief, state that "it is fair to assume that he [the testator] did not know that his lifetime interest in such bank accounts would not survive his death but would pass by operation of law to his widow as surviving joint tenant." This may be because at the time of executing the will the testator was, in fact a joint owner of the bank

accounts, and might then have transferred a part thereof, or one half, to anyone. If, as appellants concede, the testator believed that such interest in the bank accounts would have survived his death, he then must have intended to dispose only of his own property in giving in a general legacy one third of his estate to his wife. It is difficult to reach the point of belief that one, having control of property and mistakenly believing it will continue to be his and form part of his estate, intended to take it out of his understanding of its locus and separate it so as to use it by that means to impose a limit upon the general legacy of one third of his whole estate to his wife, and override the plain meaning of the words "I bequeath and give unto my beloved wife one third of my estate." The testator here clearly intended that his widow should have one third of his property. At the time of executing his will he included the joint interest in the bank accounts because he mistakenly believed that the title to such one half of the joint property would survive in him upon his death. Upon his death the bank account became his widow's property, and if there was no plan requiring an election, the property and rights thereto entirely disappeared from his estate and could not be included therein for any purpose. The trial court was of the opinion that he could not have had any intention of disposing of anyone else's property by the legacy.

As to the argument that the intention of the testator was to limit the bequest to his wife under paragraph 2 of the will, and that if distribution accordingly is not made, the widow's estate will receive more than the testator intended to pass to her, and that the "amount intended to increase the estate in remainder will pass to the widow's estate," the rule in case of general legacy of this character is that "a residuary gift or other testamentary disposition not describing property specifically will not be construed as passing property which belongs to another, and will not make elec-

tion necessary." 4 Page, Wills (lifetime ed.), p. 28, sec. 1358.

The appellants primarily raise the question of the intention of the testator and insist that the question of limitation on the amount of the property to pass to the widow was not passed on below. However, the judgment below does declare: "It is adjudged as follows: 1. That the second paragraph of said will is construed to mean that in computing the value of the property passing to the widow, the value of testator's interest in the joint bank account is not to be considered or included. That said will does not dispose of any interest in the joint property and does not require any election on the part of the widow. That the widow is entitled to the entire joint bank account as surviving joint tenant and is entitled to one third of all property owned by testator individually."

Appellants urge that because the wife was bequeathed property owned by her husband, and the testator attempts to bequeath others a share in property owned by the wife, the wife cannot claim both her property and the property owned by the husband. This amounts to an invoking of the equitable doctrine of election, and they seek to support their contention by citing *Allen v. Boomer,* 82 Wis. 364, 52 N. W. 426, and *Will of Schaech,* 252 Wis. 299, 31 N. W. (2d) 614, 254 Wis. 377, 36 N. W. (2d) 276. The doctrine of those cases does not help here. There was a plan outlined in the *Schaech Case* to bring the bequest there arranged for within the equitable rule which requires an election. The plan is disclosed by the opening phrase of the will in that case, which read (p. 301): "All personal property, etc., unless otherwise stipulated, to my wife, Florence L. Schaech." Specific property is described, and the exchanges to be made manifested in the terms and language of the will. In the will now before us there is no evidence whatever of such a plan. The doctrine of election which underlies and permits the testator

to create a situation which may compel the owner of property to decide whether to exchange it for something specifically indicated in exchange is regarded as the most distinctive and remarkable doctrine of equity jurisprudence. In order to insure an equitable adjustment in such an instance the terms outlining the exchange must be present, and the property involved and the individuals must be specifically described with precision and in definite terms. The essential facts presenting an occasion for the use of the doctrine of election are: A gives to B property belonging to C and by the same instrument gives to C other property belonging to A. 2 Pomeroy, Eq. Jur. (5th ed.), p. 332, sec. 462. There is no rule of law or equity permitting a testator to appropriate property belonging to another solely for the benefit of the residue of his own estate. In 2 Pomeroy, Eq. Jur. (5th ed.), p. 332, sec. 462, there is a discussion of the rationale of that doctrine, and at page 349, sec. 472, he says:

"The first and fundamental rule, of which all the others are little more than corollaries, is: In order to create the necessity for an election, there must appear upon the face of the will itself, or of the other instrument of donation, a clear, unmistakable intention, on the part of the testator or other donor, to dispose of property which is in fact not his own. This intention to dispose of property which in fact belongs to another, and is not within the donor's power of disposition, must appear from language of the instrument which is unequivocal, which leaves no doubt as to the donor's design; the necessity of an election can never exist from an uncertain or dubious interpretation of the clause of donation. It is the settled rule that no case for an election arises unless the gift to one beneficiary is irreconcilable with an estate, interest, or right which another donee is called upon to relinquish; if both gifts can, upon any interpretation of which the language is reasonably susceptible, stand together, then an election is unnecessary."

The bank account is not described in either the 4th, 5th, or 6th paragraphs of the testator's will, which are the paragraphs disposing of the residue of his estate. The testator has not attempted by any plan of exchange to specifically bequeath any part of the bank account to anyone.

We hold that there was no intention on the donor's part to require, and the wife is not required to yield up her property for increasing the residue of her husband's estate. The provision in question, taken in connection with the whole will, wherein is found manifested the true and exact extent of the testator's property, together with his relation to his beneficiaries named in the will, requires an affirmance of the decision of the county court. The trial judge in his opinion followed the principle stated in 4 Page, Wills (lifetime ed.), p. 28, sec. 1358, where it is said: "A will is not to be construed to dispose of property belonging to someone other than the testator if it is susceptible to any other construction."

Upon the facts described in the statement of facts and discussed in the opinion, we hold that the trial court correctly decided the issues involved, and that its ruling should be affirmed.

*By the Court.*—Order affirmed.