ESTATE OF RILEY: DeWITT, Guardian *ad litem,* Appellant, v. RILEY, Respondent.

*December 2, 1958—January 2, 1959.*

For the appellant there were briefs and oral argument by *Jack R. DeWitt* of Madison.

For the respondent there was a brief and oral argument by *O. B. Porter* of Madison.

HALLOWS, J.   The issue presented is whether sec. 238.02 (2), Stats., applies to the facts of this case.  Sec. 238.02 (2) provides:

"(2) Neither the acceptance of a bequest or devise, nor the participation of the legatee or devisee in the probate proceeding, shall constitute an election by him to forego, waive, or convey his pre-existing interest or right of survivorship in any property which the will or codicil attempts to bequeath or devise to another person, unless the will or codicil so provides in express terms."

The determination of the applicability of sec. 238.02 (2), Stats., necessitates a review of the doctrine of election. The doctrine is of equitable origin and was first accepted in Wisconsin in the case of *Allen v. Boomer* (1892), 82 Wis. 364, 52 N. W. 426.  In that case the wife willed her husband's property to third persons and gave him property belonging to her.  Under the doctrine the court required the husband to elect whether he would take under the will or would reject the provisions made for him therein and stand on his own rights as they existed irrespective of the will.

The doctrine of election is well established in equity jurisprudence and adopted by many states.  In essence it places the obligation on the beneficiary under a will of accepting

the bequest or devise provided for in the will and surrendering the right which such beneficiary had and which the will undertakes to dispose of, or of retaining such right and rejecting the bequest or devise and provisions of the will. This is a compulsory choice between two inconsistent rights or claims based on the intention of the testator that the beneficiary should not enjoy both. It is not a legal presumption. For the application of the doctrine to various fact situations and the states adopting the doctrine see annotations in 156 A. L. R. 820, 110 A. L. R. 1317, and 166 A. L. R. 316.

The *Allen Case* was followed by this court in *Will of Schaech* (1948), 252 Wis. 299, 31 N. W. (2d) 614, 33 N. W. (2d) 319. In the *Schaech Case* the testator willed to his daughter his interest in real estate which he owned jointly with his wife and to his sisters-in-law the proceeds of a life insurance policy which were payable to his wife as beneficiary, and bequeathed to his wife his personal property. The court applied the doctrine and put the wife to an election, which the court said under sec. 233.14, Stats., she had the right to postpone for one year from the time of the filing of the petition for probate. On rehearing this court pointed out that sec. 233.14 did not provide an exclusive method of election and an equitable election could arise in participating in the probate proceedings by asserting a claim under the will. Since the widow had asserted her claim under the will the court held that she had made her election to take thereunder. Some practical difficulties of the application of the doctrine of election are found in the aftermath of that decision. See *State ex rel. Schaech v. Sheridan* (1949), 254 Wis. 377, 36 N. W. (2d) 276.

In *Will of Parker* (1956), 273 Wis. 29, 76 N. W. (2d) 712, the testator and his wife had joint bank accounts and the court construed the will giving one third of his personal property to his wife as not intending to give only one third of the testator's interest in the bank account to his wife or

to pass such interest to third persons under the other provisions of the will. Unless the gift is irreconcilable with the estate or interest which the donee is required to relinquish there is no need for an election. In the *Parker Case* the testator's intention was found not to require an election because both gifts could stand together and were not in conflict. In *Will of Hamburger* (1924), 185 Wis. 270, 282, 201 N. W. 267, we stated: "The cardinal rule is to find out the intention of the testator and give it effect, and to this rule all others are subordinate."

Here the testator intended to give in trust to his daughter but jointly with and to his widow for the widow's life or until she remarry the income and use of all his estate, including specifically the homestead, which he owned in joint tenancy with his wife, and the remainder interest in the homestead to his daughter after the death of his wife or her remarriage, and the balance of the estate in such event to his three children. The attempted gift to the widow is intrinsically inconsistent with her right to take the home by survivorship under the joint tenancy and to enjoy the full use and income of the home during her life and to dispose of it as sole owner if and as she pleased.

The respondent argued at great length in his brief that the testator had no right to will the joint-tenancy property. Of course, the testator as a tenant of a joint tenancy has no power to terminate such tenancy by will. *Estate of Staver* (1935), 218 Wis. 114, 260 N. W. 655. It is the attempt to do so and the giving to the other joint tenant other property belonging to the testator which puts the joint tenant to an election so that the intention of the testator might be carried out.

There is nothing in the will to indicate the testator intended the widow to take both. In this case for the widow to take both would be unjust if the clear intention of the testator is to be fulfilled. At the time of the testator's death the widow

was therefore under the necessity of making an election either to take under the will or to reject it.

As a general rule, a will speaks as of the testator's death. *Estate of Pardee* (1942), 240 Wis. 19, 1 N. W. (2d) 803; *Will of Johnson* (1921), 175 Wis. 1, 183 N. W. 888; *Estate of Friedman* (1947), 251 Wis. 180, 28 N. W. (2d) 261. In *Will of Parker* (1956), 273 Wis. 29, 33, 76 N. W. (2d) 712, we stated:

"The rule that a will speaks from the death of the testator is well established. In determining the testator's intention, a court considers his situation, the circumstances and conditions surrounding him at the time of the execution of the will."

A will is not ambulatory beyond the life of the testator and is not subject to revocation. The law that exists at the time of the death of the testator governs the will. Changes in substantive law made after the death of the testator do not affect rights vested by the will.

The admission of a will to probate is in effect a judgment and relates back to the date of death. While the admission is usually designated an order admitting the will to probate it is a final determination that the instrument is the will of the testator and fixes the rights of the beneficiaries as of the time of the testator's death. In *Will of Marshall* (1940), 236 Wis. 132, 135, 294 N. W. 527, it was stated:

"The established rule in this state is that the interests of legatees and devisees in the property of a decedent pass to them at the time of the death of the testator; and that, although sec. 238.18, Stats., provides . . . nevertheless when a will is proven and allowed it relates back to and is effective from the time of the death of the testator, and is to be treated as speaking from that moment."

In *Will of Wehr* (1945), 247 Wis. 98, 111, 18 N. W. (2d) 709, it was stated: "In this connection it should be

noted that while the parties have referred to the court's determination as an order, it is in fact a judgment."

At the time of the death of the testator his daughter, Margaret Louise, had a vested right to require the widow to make an election to take under the provisions of the will or to reject it. No right at that time existed in the widow to take both under the will and outside of the will. The question now is, What is the effect of sec. 238.02 (2), Stats.?

We cannot agree that this section of the statutes is merely a rule of evidence or is solely procedural in nature. Its language eliminates from the jurisdiction of this state the equitable doctrine of election as applied to inconsistent gifts and, at least, one method of making such an election. If neither the acceptance of a bequest or devise under the will nor participating in the probate proceedings constitutes an election, there is no obligation to elect and the legatee or devisee can take both under the will and retain his pre-existing interest or right of survivorship. No reason or basis for any election remains.

The language of the statute establishes a fact and does not raise a presumption that acceptance or participation shall not constitute an election. The section creates a new rule of law by requiring a testator to state in his will or codicil in express terms that the acceptance of a bequest or devise or the participation of the legatee or devisee in the probate proceedings shall constitute an election. This in effect requires the will or codicil to expressly create an election or there is none. It is too late in this case for the testator to comply with such requirement. We deem the holding in *Will of Schaech* (1948), 252 Wis. 299, 31 N. W. (2d) 614, 33 N. W. (2d) 319, is overruled by this statute.

Sec. 238.02 (2), Stats., should not be applied to cases in which the testator has died prior to its effective date. This section did not expressly prescribe the time when it would

become effective and by sec. 990.05 it became effective on the date after publication, or June 23, 1957. This section does not purport to apply to existing estates in probate and should not be construed to do so. In this respect the case of *Will of Allis,* ante, p. 1, 94 N. W. (2d) 226, is to be distinguished.

A statute dealing with substantive rights cannot affect rights vested on its effective date. In an analogous situation this court held that the right of appeal from a judgment or a final order in a special proceeding entered before the enactment of the statute creating the right of appeal did not apply to judgments or final orders entered before the enactment because the rights created by the judgment could not be taken away by statute. *In re Farmers & Traders Bank* (1944), 244 Wis. 576, 12 N. W. (2d) 925; *Lancaster v. Barr* (1870), 25 Wis. 560.

We conclude the trial court was in error in applying sec. 238.02 (2), Stats., to the facts in this case and in holding the widow does not have to make an election.

*By the Court.*—That part of the judgment adjudging that Margaret R. Riley may retain all of her rights as surviving joint tenant and also accept any other benefits given her by the will is reversed, and the cause is remanded for further proceedings not inconsistent with this opinion.